Red *v.* Little Rock Railway & Electric Company.

Opinion delivered November 15, 1915.

1. Municipal corporations—change of grade of street—liability.— A municipal corporation will be liable for damages sustained by an abutting property owner, caused by a change in an established grade line of a street, but the mere establishment of a grade line is not a change in the grade line, and the city's liability is contingent upon the fact that a change in the grade line has been made.

2. Municipal corporations—streets—establishment of grade line.— In order for the surface of a city street to become the established grade line thereof, the city must expressly adopt the surface as a grade line, or must permit such a use of the surface as a grade line as is tantamount to an adoption, and thereafter any change of the grade line will be regarded as a change from an adopted

grade, just as if a grade had been established by an ordinance of the council.

3.  NEGLIGENCE—CHANGE OF GRADE OF STREET—PROCURING PASSAGE OF ORDINANCE—LIABILITY OF PUBLIC SERVICE CORPORATION.—Where the grade of a certain city street was changed in pursuance of an ordinance of the city council, an allegation that plaintiff, a property owner, was damaged thereby, and that defendant street car company procured the passage of the said ordinance, is insufficient to state a cause of action for damages against the street car company; the liability of the street car company, if any exists, must flow from doing the act which occasions the damage.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

*Jno. D. Shackleford,* for appellant.

The use by a city of the natural surface of a street, especially where the abutting property has been improved to conform thereto, is tantamount to the adoption of the natural surface as the grade line. 104 Ark. 136; 35 L. R. A. 852; 28 Montana 27.

Where a change of grade from the established one is made so as to damage abutting property, the city is liable to the owner for such damages. Art. 2, Sec. 22, Const.; 45 Ark. 429; 98 Ark. 206; 104 Ark. 136; 89 Ala. 182; 43 W. Va. 62; 3 Tex. Civ. App. 537; 83 Tex. 239; 7 Tex. Civ. App. 202; 10 S. D. 312; 69 Pac. 89; 103 Calif. 614; 130 Calif. 492; 102 Minn. 358; 83 Ill. 535; 102 Ill. 64; 141 Ill. 346; 246 Ill. 394; 96 Pa. 331; 103 Pa. 358; 150 Pa. 589; 119 Mo. 187; 78 Mo. 107; 21 Fed. 257; 124 Ga. 852.

The city was the agent of the street car company in passing the ordinances, and principal and agent are alike responsible for the damage occasioned.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellee Little Rock Railway & Electric Co.

There can be no question of principal and agent between the city and the street railway company in this case.

A city council is authorized by statute to grant franchises to street railroads, to create improvement districts, and to fix the grades of streets, and when so doing is act-

ing in its legislative capacity. 101 Ark. 225. The considerations which move it to act in such matters are not subject to review by the courts. 64 Ark. 152; Horr & Bemis on Municipal Police Ordinances, par. 128.

The fact that the street car company was the beneficiary of the acts done under the ordinances, by the agencies created thereby, would not render it liable for damages.

*Jas. Mehaffy,* for appellee City of Little Rock.

Appellant does not allege a change in the grade of the street, nor does he allege that the surface or natural grade had been adopted as the grade of the street. Before there can be liability upon the city, a grade must have been established, or the surface grade adopted as such grade.

A city is not liable for damages sustained by abutting property owners by reason of an original establishment of a grade line and the reduction of the street to such line. Dillon Munic. Corp. (5 ed.) 2940-41; 69 Pac. 89; 102 N. W. 751; 53 Atl. 633; 111 S. W. 284; 95 Pac. 975; 34 Ohio 328; 2 Ohio St. 148; 28 Ohio Cir. Ct. R. 173; 135 Pac. 631.

Appellant's complaint does not state a cause of action against the city. He alleges that his damage was caused by Improvement District No. 225, which was organized for the use and benefit of the street railway company. The city council has no authority to refuse to pass an ordinance creating an improvement district, and when established, it is not the agent of the municipal corporation, but the agent of the property owners of the district. 55 Ark. 148.

SMITH, J. This is a suit brought by appellant against appellees for damages alleged to have been sustained, as a result of the change of grade in the street, in front of property owned by him.

Demurrers were filed by each of the appellees on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the demurrers were sustained by the court below.

The complaint alleged ownership of a lot situated on the southwest corner of the crossing of Sixteenth and May streets in the city of Little Rock. That the defendant street car company procured to be passed by the city council an ordinance No. 1909, a copy of which was made an exhibit to the complaint, and that by said ordinance said company was granted a right-of-way over May street in said city. That on the 27th of January, 1913, the said railway company procured the city council to pass an ordinance, No. 1914, by which the grades on said May street were fixed by said council for the use and benefit of said railway company, and a copy of this ordinance was also made an exhibit to the complaint. It was further alleged that the city council passed an ordinance, No. 1956, by which said May street south from Fourteenth street, and in front of the plaintiff's property, was created into Improvement District No. 225, and a copy of this ordinance was also made an exhibit to the complaint. It was alleged that the enactment of all of these ordinances was procured by the street car company, as a result of which the street car company proposed an extension of its lines on said May street. It was also alleged that an excavation had been made in front of plaintiff's property on Sixteenth and May streets by the improvement district pursuant to said ordinance No. 1956, and that the grades used by said district were those furnished by the city council, as prescribed by said Ordinance No. 1914, and that by reason of said excavation all means of egress and ingress to said premises were destroyed. That the property had a frontage on Sixteenth street of fifty feet and on May street of 150 feet, and that there were two dwelling houses and one store house on said lot, all of which were built facing on May street, and "that said buildings were all erected prior to the passage of said ordinance No. 1909, or any other ordinance, by which said May street was to be built to a grade fixed by the defendant city of Little Rock for the use and benefit of said defendant railway and electric company, and, that on account of the arrangement of said buildings, plaintiff had

no means of egress or ingress from said Sixteenth street.''

Plaintiff alleged his attempt to arbitrate his damages under the provisions of Section 5495 of Kirby's Digest, and the failure of the city to respond by the appointment of an appraiser.

Damages in the sum of $2,500 were prayed.

The ordinance No. 1909, granting to the street car company the right-of-way over May street, provided that the street car company should not be required to commence the building of its line until all necessary grading, cutting and filling had been done, and it was provided that the provision of the ordinance granting the franchise should be null and void unless ''the cost of bringing the roadbed for the street car tracks to the proper grade shall be borne and taken care of by some individual or corporation, other than the city of Little Rock, or the Little Rock Railway & Electric Company.'' And it was further provided that ''said roadbed shall be brought to proper grade within one year from the passage of this ordinance, otherwise this grant or franchise shall be null and void.''

It is urged that as a result of these provisions the street car company did not obligate itself to extend its line until the property owners had finished cutting, filling and grading the streets, and that this work should be an accomplished fact within the time fixed, before the street car company should be required to make the extension of its line, and do the amount of paving required by its general franchise from the city of Little Rock. It is further pointed out on behalf of the street car company that the complaint contains no allegation that it either directly or otherwise cut, filled or graded any part of the street in front of the appellant's premises, but that the charge is that the cutting was done by Improvement District No. 225. But it is sought to predicate liability against the street car company upon the allegation that it procured the enactment of the various ordinances under which this work was done.

Upon behalf of the city it is pointed out that the complaint contains no allegation that the city had ever established a grade line for May street, nor that the surface grade had been so used as to become an established grade by its use, as such, by the property owners with the acquiescence of the city.

(1) No liability on the part of the city can grow out of the fact alone that it passed an ordinance creating an improvement district. The city council must pass such ordinances, when proper petitions therefor are presented to the city council by the property owners within the proposed district. Any liability against the city must grow out of the fact that as a result of the construction of the prosposed improvement a change is made in the grade line of the streets. The city is liable for the damages occasioned the property owner by a change in the grade line. But the mere establishment of a grade line is not a change in the grade line, and the city's liability is contingent upon the fact that a change in the grade line is made, and consequently there must be a grade line before a change can be made, or any liability arise. The natural surface of a street may become a grade line, so that any change in it will render the city liable for damages flowing from this change. In the case of *Fayetteville* v. *Stone,* 104 Ark. 138, it was said: "When the natural surface has been used as the grade line for the streets of a city, and abutting property owners have improved their property with reference to such streets and grade lines, if the city afterwards changes the grade from the natural surface so as to damage abutting property owners, the city will be liable for such damages. The use of the natural surface as a grade for its streets by a municipality is the establishment of a grade conforming to that surface. * * * The surface in such cases is the initial grade line. Any change thereafter made from such grade is a change from the established grade. In this case the uncontradicted evidence shows that the abutting property in controversy had been built to conform to the original surface grade of the street of the city of Fayetteville,

which had been used by the public as such for a number of years."

(2)   But the city must do some act which is tantamount to the adoption of the natural surface of the street as the grade line.   Long continued use by the public, or general use by the public, of this natural surface would be tantamount to the adoption of that surface as a grade line.   But the city must either expressly adopt the surface as a grade line, or must permit a use of the surface as a grade line which is tantamount to an adoption.   Thereafter any change of the grade line will be regarded as a change from an adopted grade, just as if a grade had been established by an ordinance of the council.   Many cases bearing on this subject are cited in the note to the case of *Dickerson* v. *Okolona,* 98 Ark. 206, which is annotated in 36 L. R. A. (N. S.) 1194.

(3)   We think there is no sufficient allegation in the complaint that the city here had permitted such long continued or general use of the surface as to amount to its adoption as the grade line.   Nor do we think the allegations of the complaint sufficient to state a cause of action against the street car company.   Any liability on the part of the street car company must arise out of some act done by it, which impairs appellant's use of the street, as there can be no liability under an allegation that it prompted the city council to pass ordinances, the provisions of which are such that their performance occasioned injury.   In other words appellant can not predicate liability upon the allegation that the street car company prompted the council to pass ordinances; the liability, if any, must flow from doing the act which occasions the damage.

To hold otherwise would be to treat the city council as the agent of the street car company, and no such allegation is made, nor would it be considered by us if made.

In the case of *L. R. Ry & Elec. Co.* v. *Dowell,* 101 Ark. 227, it was said: "A city council acts in a legislative capacity in exercising the powers conferred upon it

to grant franchises for the public benefit. The power thus conferred upon a city council by the lawmakers is coequal with the power in this respect of the Legislature itself, and in the exercise of this power a discretion is vested which can not be taken away by the courts. It is only an arbitrary abuse of the power, which the courts should control; and when the exercise of that power and discretion is attacked in the courts, a presumption must be indulged that the council has not abused its discretion, but has acted with reason and in good faith for the benefit of the public. To proceed upon any other theory would be to substitute the judgment and discretion of the courts for the judgment of the members of the council with whom the lawmakers have seen fit to lodge this power.'' In *Hot Springs* v. *Curry,* 64 Ark. 152, this court approved the following quotation from Horr & Bemis on Municipal Police Ordinances, section 128: ''If an express power is given to a corporation to enact ordinances of a certain kind, the Legislature thereby trusts to the discretion of the council to determine just how far they shall go within the limits imposed; and there is every presumption that the council are not only actuated by pure motives, but that they are so familiar with the mischief to be remedied, and with the defects of the prior regulations, as to be the best possible judges of the necessity for the enactment of the new law, and of the extent to which it is advisable to exercise the power granted. The council, and not the court, is the proper repository of this public trust, and it should be a plain case indeed to justify the latter in interfering with the determination of the council, or of questioning either their motives, or the cogency of their reasons for enacting the ordinance.''

No cause of action being stated against either of the appellees, the judgment of the court is therefore affirmed.