## Van Buren *v.* Smith.

### Opinion delivered December 5, 1927.

1. EMINENT DOMAIN—LIABILITY OF CITY FOR CHANGING GRADE OF STREET.—A city is liable for damage to property by reason of changing a grade of a street already established, but not for damage thereto in establishing grades in the first instance.

2. EMINENT DOMAIN—SET-OFF OF SPECIAL BENEFITS.—Where a city, in improving a street, constructed an embankment in front of plaintiff's lot, the city could not set-off special benefits resulting to plaintiff's property against damages which resulted from the construction of the embankment.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*C. M. Wofford,* for appellant.

HUMPHREYS, J. Appellee, who owned lot 3 in block 25 in the city of Van Buren, and within the boundaries of Paving District No. 6, proceeded, in accordance with §§ 7573-7575 of Crawford & Moses' Digest, to recover alleged damages to his lot by the construction of an improvement in the district. The assessors appointed under the statute awarded appellee $50 damages. He refused to accept the amount, and instituted suit against appellant in the circuit court of said county for $750. Upon the trial of the cause appellee recovered a judgment for $100, from which is this appeal.

In the construction of the improvement, an embankment six feet high was built in Cherry Street, upon which the lot fronted, and, according to the allegation of appellee's complaint, obstructed ingress and egress to and from his lot.

The testimony introduced by appellee tended to show that his lot was damaged by reason of the embankment anywhere from $400 to $800. The damage was estimated by the witnesses upon the basis of a six-foot embankment constructed in front of it.

The testimony introduced by appellant showed that, in the year 1892, a street grade was established by city ordinance on Cherry Street, leaving the lot in question four feet below the established grade. Appellant's testi-

mony also tended to show that, had the lot been filled to the grade first established, the additional fill of two feet in front of the lot would not have damaged it at all.

The court sent the case to the jury upon the theory that appellee was entitled to recover damages to his lot on account of the construction of an embankment six feet high in front thereof. Appellant requested the court to instruct the jury as follows:

"You are instructed that, in determining the question of damages to plaintiff's property, you may take into consideration the established grade of Cherry Street fronting the property, if you find there was an established grade. The city had the right to construct the paving as high as the established grade, and would only be liable in damages, if at all, for the excess to which it caused the street to be built higher than the established grade for the street at this point."

The court refused to give the instruction, and, in refusing to do so, committed reversible error. A city is only liable to damage to property by reason of changing a grade already established, and not for damage thereto in establishing grades of streets in the first instance. *Dickerson* v. *Okolona,* 98 Ark. 206, 135 S. W. 863, 36 L. R. A. (N. S.) 1194; *Fayetteville* v. *Stone,* 104 Ark. 138, 148 S. W. 524; *Red* v. *Little Rock Ry. & Elec. Co.,* 121 Ark. 71, 180 S. W. 220. Under the rule announced in these cases the court should have given appellant's requested instruction confining the damage to the property on account of building the embankment two feet higher than the grade established in 1892.

Appellant also requested and was refused the following instruction:

"You are instructed that, if the jury believe from the evidence that the property of the plaintiff was in any manner specifically benefited by the grading of the street adjoining same, and that the amount of said special benefits is equal to or greater than the damages, if any, done to said property by reason of said grading, then the

plaintiff cannot recover, and your verdict should be for the defendant.''

The undisputed evidence shows that this particular lot was assessed $24 a year as benefits by reason of the construction of the improvement. This assessment is an annual charge upon the property until the indebtedness created by the construction of the improvement shall have been paid. Under the rule laid down in the cases of *Donaghey* v. *Lincoln,* 171 Ark. 1042, 287 S. W. 407, and *Miller Levee District No. 2* v. *Dale,* 172 Ark. 942, 290 S. W. 948, appellant was not entitled to set-off special benefits resulting to the property from the improvement against damages which resulted by reason of said embankment.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.