HOT SPRING COUNTY *v.* BOWMAN.

5-1740                                             318 S. W. 2d 603

Opinion delivered December 15, 1958.

*W. R. Thrasher, Dowell Anders* and *W. B. Brady,* for appellant.

*Wendell O. Epperson* and *Joe W. McCoy,* for appellee.

GEORGE ROSE SMITH, J. This is a claim against the county for damages of $40,000 assertedly suffered by the appellees as a result of a lowering of the grade of Highway 67 in front of their service station. The county court disallowed the claim, finding it excessive. Upon appeal to the circuit court the appellees were awarded a verdict and judgment for $10,000. The county contends that the State alone is liable to the claimants and, alternatively, that incompetent evidence was introduced at the trial.

In 1954 and 1955 the State Highway Commission approved a plan for the renovation of Highway 67 in Hot Spring county. Pursuant to Ark. Stats. 1947, § 76-510, the Commission applied to the county court for assistance in the project. The court granted the petition and entered an order requiring any aggrieved landowner to present his claim within one year. It is conceded that by this order the county made itself liable for the value of the land that was actually taken as a right-of-way for the improvement. *Ark. State Highway Com'n v. Palmer,* 222 Ark. 603, 261 S. W. 2d 772.

It happened, however, that none of the appellees' property, which abutted the highway for a distance of 120 feet, was actually taken. Along their frontage the pre-existing right-of-way was used, but the roadbed was lowered about three feet, causing the damage now complained of.

The county points out that the Highway Commission controls the grade of state highways and could have lowered the roadbed in front of the appellees' land without applying to the county court for assistance. Counsel also seek to deduce from some of our prior decisions a rigid rule by which liability for a change in the grade of a street or highway would be limited to

the public agency having the authority to make the change. Among the cases cited are *Eickhoff* v. *Street Imp. Dist. No.* 11, 120 Ark. 212, 179 S. W. 367; *Red* v. *Little Rock Ry. & Elec. Co.*, 121 Ark. 71, 180 S. W. 220; and *Road Imp. Dist. No.* 6 v. *Hall,* 140 Ark. 241, 215 S. W. 262. It is accordingly urged that the appellees have no claim against the county and that their only remedy was against the State, either by a suit for an injunction or by an application to the Claims Commission.

We are unable to agree with this reasoning. None of the cases relied upon lays down the inflexible principle that the appellant would have us adopt; each case merely holds that a particular public agency was not liable under certain statutes not pertinent to the present controversy. Here the county's liability derives from Ark. Stats., § 76-510, which authorizes the Highway Commission to call upon the county court to *change* or widen any state highway, in the manner provided by § 76-917. The latter section empowers county courts to make such *changes* in old roads as may be deemed proper. It is plain enough that the county may assume the responsibility for a change in the existing highway, whether or not the acquisition of additional right-of-way is involved.

Here the county court's order gave no hint to the affected landowners that the county meant to restrict its liability to the value of land actually taken. The order recites the fact that the road is to be rehabilitated as set out by the Highway Commission's plan and specification, that the improvements asked for in the Commission's petition are accepted, and that any landowner who is affected by the order is to present his claim to the county court. Although the record is not wholly clear on the point, it appears that the Commission's plans and specifications contemplated the change in grade along the appellees' land. To say the least, it may fairly be assumed that the Highway Commission did not embark upon an extensive renovation of Highway 67 without knowing what the finished grade would

be. A landowner who is damaged by a change in the grade of the highway is protected by the constitution to the same extent as one whose land is actually taken. *Clark County* v. *Mitchell*, 223 Ark. 404, 266 S. W. 2d 831. If the county intended to assume the latter liability only, that intention should have been clearly disclosed by the order, so that the public would not be misled.

On the second point, however, the judgment must be reversed. An expert witness for the claimants was permitted to arrive at the value of the land, before the change in grade, by capitalizing the income derived from the service station on the property. This was error. *Hot Spring County* v. *Crawford*, 229 Ark. 518, 316 S. W. 2d 834. The record does not support the argument that this income consisted only of rent received by the appellees from lessees of the property; Bowman testified that he operated the station himself for a substantial part of the period that was considered in the capitalization of income.

Reversed and remanded for a new trial.