Ark. State Highway Comm. *v.* Johns.

5-2989        367 S. W. 2d 436

Opinion delivered May 13, 1963.

[Rehearing denied June 3, 1963.]

*Dowell Anders* and *H. Clay Robinson,* for appellant.

*Batchelor & Batchelor,* for appellee.

GEORGE ROSE SMITH, J. In this eminent domain proceeding the appellant seeks to acquire about half of a twelve-acre tract owned by the appellees. The circuit court, sitting without a jury, awarded the landowners $3,500 as compensation for the property being taken. For reversal the appellant contends that the court erred in refusing to strike the testimony of certain witnesses for the landowners.

Two of the witnesses, Bob Gelly and Joe Snelly, were real estate dealers in Crawford county. After having first stated that they were familiar with land values in the vicinity of the Johns property and that they had inspected this property, both these witnesses expressed their opinion as to the fair market value of the appellees' property before and after the taking. The appellant made an unsuccessful attempt to have this testimony stricken, on the ground that neither witness had stated the facts and reasons forming the basis for his opinion. In insisting that the testimony should have been excluded the appellant cites cases such as *Ark. State Highway Comm.* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738, holding that the opinion of an expert witness is not substantial evidence when the witness fails to give a fair or reasonable basis for his conclusions.

We think counsel have misconstrued the intent of our cases. It is true that a non-expert witness, such as a layman testifying about a testator's mental capacity, must state the facts upon which his opinion is based be-

fore giving that opinion. *Walsh* v. *Fairhead,* 215 Ark. 218, 219 S. W. 2d 941. But there is no similar condition to the admissibility of an expert's opinion.

An expert witness, after having established his qualifications and his familiarity with the subject of the inquiry, is ordinarily in a position to state his opinion. For instance, a physician might testify that he had examined a certain patient and found him to be afflicted with malaria. That testimony would unquestionably be admissible. Yet if this physician, on cross-examination, were forced to admit that he had found no recognized symptom of malaria and had based his conclusion solely upon the fact that the patient had been bitten by a mosquito, then, under the rule in the *Byars* case, the witness's opinion would no longer constitute substantial evidence.

It was incumbent upon counsel for the appellant to support their motion to strike by showing that the landowners' expert witnesses had no reasonable basis for their opinions. Counsel actually made no effort in that direction, the motion to strike Snelly's testimony having been made without any cross-examination at all. Thus there was a complete failure to overcome the *prima facie* admissibility of the testimony that was challenged.

Near the end of the trial the witness Snelly was recalled in rebuttal and testified that a seven-acre tract contiguous to the Johns land had recently been sold for about $700 an acre. On cross-examination Snelly conceded that the purchaser had been a contractor, who used the seven acres for the excavation of dirt rather than as a home site (which was the use to which the Johns tract was best suited). In view of this dissimilarity counsel for the condemnor asked that all the testimony about the sale of the adjoining parcel be excluded.

This motion was properly denied. Snelly also testified that the other tract was the same kind of land as that being condemned, that the highway department's witnesses had considered the other sale, and that the other tract would not have been sold any more cheaply for any purpose other than the one for which it was actually used. Hence the fact that the contractor used

the tract as a source of dirt did not completely destroy the similarity between the two pieces of land. We have no reason to think that the trial judge could not and did not consider the other transaction in its proper perspective. For much the same reason we are of the opinion that the court did not err in refusing to strike the entire testimony of the witness Owen Bass, a former county assessor. Much of this witness's testimony was competent; so the motion to exclude all his testimony was properly denied. *Nichols* v. *State,* 92 Ark. 421, 122 S. W. 1003.

Affirmed.