ARKANSAS STATE HIGHWAY COMM'N v.
FARRIS COFFMAN ET AL

5-4985                              445 S. W. 2d 92

Opinion delivered October 6, 1969

*Thomas B. Keys* and *Virginia Tackett*, for appellant.

*George J. Cambiano*, for appellees.

J. FRED JONES, Justice. This is another eminent domain case from the Conway County Circuit Court. Judgment was entered on a jury verdict for more than twice the amount the Arkansas Highway Commission paid into the registry of the court as just compensation and the Commission has appealed.

Mr. and Mrs. Coffman owned a ten acre tract of land inside the city limits of Morrilton, with 450 feet of the land fronting on state Highway No. 9. The Coffmans had three residential buildings on the land facing the highway. For the purpose of widening and improving Highway No. 9, the state Highway Commission con-

demned a strip of the Coffman land consisting of .66 acres along the side of the highway extending the entire length of the highway frontage and to within three to six feet of the Coffman buildings. The Commission paid into the registry of the court $7,500 as estimated just compensation.

At the trial on claim for additional damages, Mr. Coffman testified that his property had been damaged in the amount of $21,500 based on the difference in the market value before and after the taking. His expert witness, on the same basis, testified that the damage amounted to $18,925. Two expert appraisers testified for the Commission, and on the before and after value theory testified that the damage amounted to $7,150 and $7,500 respectively. The jury returned a verdict for $17,-000 and judgment was entered thereon.

The Commission relies on two points for reversal, as follows:

"There is no substantial evidence to support the verdict.

Appellant's motion for change of venue should have been granted."

We quickly dispose of the second point as we did in *Ark. State Highway Comm'n v. Duff*, 246 Ark. 922, 440 S. W. 2d 563. The Commission simply failed to follow the mandatory procedure in petitioning for a change of venue as set out in Ark. Stat. Ann. § 27-701 (Repl. 1962).

In examining the record for substantial evidence to support the verdict, we do not consider Mr. Coffman's testimony to be substantial evidence. On cross-examination Mr. Coffman demonstrated a lack of sound basis for his opinion as to the difference in the value of his land before and after the taking.

"Q. Do you know how you figured this was worth $45,000.00?

A. I still say I wouldn't take that for it. If I wouldn't take it, I guess it's worth that. That's all I can tell you."

Mr. Lloyd Pearce qualified as an expert "fee appraiser" of real estate and he testified as an expert for the Coffmans. Mr. Pearce testified in detail as to three residential structures on the Coffman property and as to their proximity to the highway before and after the taking. He testified that each house was built facing the highway with a width in highway frontage of about 80 feet per site. He testified that before the taking the houses complied with set back ordinances of the City of Morrilton requiring a 25 foot yard set back, and that after the taking the right-of-way comes within three to six feet of the buildings, and as a result, the buildings no longer comply with the set back ordinance. He testified that mortgage loans could not be obtained from lending agencies because the property no longer complied with the ordinance, and that if one or all the houses were destroyed they could not be rebuilt in compliance with set back ordinances without replatting the three plots into one building plot fronting on a side street rather than the highway. Mr. Pearce was of the opinion that the ten acre tract had a before value of $42,500, and that the improvements had a before value of $30,500, making a total market value before the taking of $73,000. He valued the land at $37,300, and the three residences at $16,775 after the taking, giving a total value of $54,075 after the taking. He testified that in his opinion the total damage amounted to $18,925.

On cross-examination Mr. Pearce testified that he valued the two acres fronting on the highway at $8,000 per acre; that the 2/3 of an acre actually taken was worth $5,200 and accounted for the actual difference in the value of the land itself. He based his $8,000 per acre

value partially on a sale of similar property for a nursing home for $8,000 per acre and also on the present value of a lease of some of the subject property to the Corps of Engineers. Aside from the $5,200 estimated value of the land actually taken in fee, Mr. Pearce's testimony as to the remaining damages pertained to the reduced value of the houses because of loss in yard space due to the right-of-way extending to within three to six feet of the houses.

Mr. Charles Scott, one of the Commission's experts, testified that the total value before the taking was $42,350. He broke his before taking value down to $6,000 per acre for the two acres fronting on the highway, $9,600 for the remaining eight acres, and $20,750 for the improvements. He valued the land at $20,156, and both the land and improvements at $35,200 after the taking, leaving a difference in before and after value of $7,150, which he testified was the extent of damages because of the taking. Mr. W. E. Hayes also testified as an expert for the Commission and arrived at a difference in the before and after market value of $7,500 as the total amount of damages caused by the taking. He arrived at his conclusion on substantially the same basis as did Mr. Scott.

Mr. Scott and Mr. Hayes arrived at their values through a number of comparable sales which Mr. Pearce apparently overlooked. Mr. Pearce testified that he examined many sales in the area but he only testified as to the rest home sale. He was not asked about any of the others. Mr. Scott and Mr. Pearce differed in figuring the acreage in the rest home sale, resulting in a difference of $8,000 per acre as testified by Pearce and $5,682 as testified by Scott. They both took the dimensions from the recorded deed of conveyance but neither testified as to what the dimensions were. Pearce figured it to be 1.25 acres and Scott figured it to be 72,600 square feet or 1.669 acres.

It is obvious from the record that the greatest differences between the expert witnesses related to difference in the market value of the improvements in relation to the highway before and after the taking. The testimony was directed to the market value of the houses as they were with front yards before the taking, and as they now stand, without front yards, in relation to the highway. Some testimony was directed to the cost of replacing the houses in the event of destruction, but the cost of simply moving the houses further back from the new highway was not considered in measuring the before and after value, and Mr. Pearce's testimony constitutes some substantial evidence that as the houses now stand, the entire property would sell for $17,000 less than it would have sold for prior to the taking.

In *Ark. State Highway Comm'n* v. *Johns*, 236 Ark. 585, 367 S. W. 2d 436, we said:

"It was incumbent upon counsel for the appellant to support their motion to strike by showing that the landowners' expert witnesses had no reasonable basis for their opinions."

We conclude that the Commission's attorney failed to show that the landowners' expert witness, Pearce, had no reasonable basis for his opinion in this case.

The judgment is affirmed .