## ARK. STATE HIGHWAY COMM'N. *v.* ROWE ET AL AND FEDERAL LAND BANK OF ST. LOUIS,
### MORTGAGEE

5-5788                                          477 S.W. 2d 486

Opinion delivered March 13, 1972

*Thomas B. Keys* and *Bedford G. Webb,* for appellant.

*Graves & Graves,* for appellees.

CARLETON HARRIS, Chief Justice. This is a highway condemnation case in which the Arkansas State Highway Commission acquired 24.46 acres of land out of a 118 acre tract owned by Joseph Lacie Rowe and wife, said tract being acquired for the construction of a portion of Interstate Highway 30 in Hempstead County. On trial, three expert appraisers testified, two for appellees, and one for appellant. Mr. Charles Wilburn, using the comparable sales approach, testified to damages in the sum of $27,146.00. Mr. Dorsey McRae testified that just compensation for the Rowe's property would amount to $27,471.00, and Mr. Kenneth McMurrough testified for the commission that just compensation to the Rowes would be the sum of $11,250.00. Under instructions

from the court, and without objection, the jury viewed the premises, and subsequently returned a verdict for appellees in the amount of $27,146.00. From the judgment so entered, the commission brings this appeal. For reversal, appellant asserts that "The verdict of the jury is excessive in that there is no substantial evidence to support it because there is no fair and reasonable basis for the opinion of value of Charles Wilburn, upon whose damage testimony the verdict was based."

Appellant abstracts only the testimony of Wilburn (not too thoroughly) and then opens its argument by stating "The jury returned an award in the exact amount of Wilburn's testimony. Obviously, the jury completely disregarded the testimony of all other value witnesses. Therefore, the award must stand or fall upon Wilburn's testimony alone."

We do not agree with this statement, nor does appellant cite any authority that where the jury returns a verdict in the exact amount of the figure used by a witness, then and in that event, it is established that the testimony of no other witness was considered.[1] To the contrary, we have long held that if there is *any* evidence of a substantial nature, the verdict will be sustained. In *Missouri Pacific Railroad Co.* v. *Henderson,* 194 Ark. 884, 110 S. W. 2d 516, this court said:

> "Where there is any evidence of a substantial nature, which, by positive statement or reasonable inference, when given its strongest probative value, tends to support the finding of the jury, the verdict then will be sustained, although from the record presented to this court, it might seem to be against the preponderance of the credible evidence."

This case has been cited with approval numerous times, including *Arkansas State Highway Commission* v. *Kennedy,* 223 Ark. 844, 349 S.W. 2d 132. We also have cases where the substantial nature of the testimony of a particular witness has been attacked, and we have agreed

---

[1]Of course, if a jury returned a verdict in the exact amount of the damages mentioned by the witness, and such figure was the highest testified to, the conclusion reached by appellant would be sound.

that the evidence complained of was not substantial, but we have then pointed out the testimony of other witnesses that did meet the test of substantiality, fully supported the verdict, and affirmed the judgment. *Arkansas State Highway Commission* v. *Coffman et al,* 247 Ark. 302, 445 S.W. 2d 92. Here the substantiality of the testimony of McRae has not been attacked. This is not to say that we find Wilburn's testimony was not substantial, though we agree that the testimony of McRae (whose opinion of damage was $325.00 higher than that of Wilburn) is more specific in its details as to similarities between the Rowe property and other properties with which it is compared.

It might also be mentioned that, during the testimony of Wilburn, only two objections were made by department counsel, and in each of those instances, the objection was sustained. There was no motion to strike Wilburn's testimony as insubstantial.

The record reflects substantial evidence in support of the award, and we so find.

Affirmed.