FRANCHELLE MURPHY v. STATE OF ARKANSAS

CR 73-134                         504 S.W. 2d 748

Opinion delivered January 14, 1974

[Rehearing denied February 19, 1974]

*Pickens, Boyce, McLarty & Watson,* by: *Tim F. Watson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. On June 23, 1972, the appellant killed her husband, David Murphy, by shooting him with a .22 caliber rifle. To a charge of first degree murder she pleaded insanity. The jury, rejecting that defense, found the accused guilty of second degree murder

and fixed her punishment at seven years imprisonment. Two asserted errors are argued as grounds for reversal.

At the beginning of the trial it was stipulated that Mrs. Murphy fired the fatal shot. Later on the State was allowed to introduce not only the rifle that was used in the homicide but also some .22 cartridges, two wooden clubs, a meat cleaver, and a butcher knife, most of which were found by the police in the bedroom where Murphy was shot. It is now insisted that the exhibits, other than the rifle, had no bearing upon the case and should not have been shown to the jury. Counsel cite *Rush* v. *State,* 238 Ark. 149, 379 S.W. 2d 29 (1964), where we held that the trial court erred in allowing the State to introduce in evidence a pistol that had no connection with the homicide for which the accused was being tried.

Here, however, the articles in question were relevant as bearing upon the matter of premeditation and deliberation, which the State was required to prove. *Simmons* v. *State,* 227 Ark. 1109, 305 S.W. 2d 119 (1957). Mrs. Murphy shot her husband in a bedroom in the couple's home. According to her statement to the police, which was admitted in evidence without objection, Mrs. Murphy discovered on the morning of the shooting that her husband had cashed certain bonds that were kept in a lockbox. She telephoned him at work and asked him to come home, which he did. The two quickly got into a scuffle, and David was shot. In her statement to the police Mrs. Murphy mentioned the two clubs that were in the room and went on to say: "I was going to knock the devil out of him with that stick. That's what I had in mind. And he didn't come close enough to me." The rifle had been between the mattress and springs of one of the beds, but the other weapons were somewhat more accessible. Hence the articles now in question were pertinent as tending to indicate to the jury that Mrs. Murphy had planned the homicide when she persuaded her husband to come home during the morning.

Appellant's second objection is to Dr. Kozberg's testimony that in his opinion Mrs. Murphy was mentally competent at the time of the killing. The witness, a psychiatrist employed by the State Hospital, had participated with other doctors in the examination of Mrs. Mur-

phy at that institution. That examination was conducted pursuant to the statute. Ark. Stat. Ann. § 43-1301 (Supp. 1971). The appellant's present complaint goes not to Dr. Kozberg's professional qualifications but to the fact that the joint staff examination of the accused took only about thirty minutes and that Dr. Kozberg was not sure that he himself asked her any questions. Even so, the witness's expert opinion was admissible, for the reasons stated in *Ark. State Highway Commn. v. Johns,* 236 Ark. 585, 367 S.W. 2d 436 (1963). The brevity of the examination was doubtless considered by the jury in weighing Dr. Kozberg's opinion, but the testimony was nevertheless admissible.

Affirmed.

HARRIS, C.J., not participating.