## ARKANSAS STATE HIGHWAY COMMISSION *v.*
### Robert S. JONES et ux

73-207                                   505 S.W. 2d 210

Opinion delivered February 19, 1974

*Thomas B. Keys* and *David P. Saxon*, for appellant.

*Jack Yates* and *Lonnie Turner*, for appellees.

J. FRED JONES, Justice. This is a condemnation case in which the Arkansas State Highway Commission appeals from a circuit court judgment, based on a jury verdict for $17,500, in favor of the appellee-landowners, Robert S. Jones and wife, in connection with the construction of Interstate 40 across a portion of their 180 acre cattle and poultry farm.

Jones testified to damages in the amount of $20,000; his only witness testified to damages in the amount of $14,400. Two witnesses for the Highway Commission testified to damages in the amounts of $7,300 and $6,875 and, as above stated, the jury awarded damages in the amount of $17,500.

On appeal to this court the Commission contends that the trial court erred in refusing to strike the testimony of the landowner Jones because his testimony as to before and after value was not supported by substantial evidence; that the jury verdict was excessive and was not supported by substantial evidence.

The measure of damages to land in a condemnation case under eminent domain, is the difference in the fair market value of the land before and after the taking. *Ark. State Hwy. Comm'n.* v. *Massengale,* 238 Ark. 1072, 386 S.W.2d 710. The primary difference between a landowner and other witnesses as to the before and after value of land is that an expert, after qualifying as such, may state his opinion to fair market values without first being required to state facts upon which he bases his opinion. A nonexpert witness who is not the owner must first relate the facts upon which he bases his opinion before his opinion is admissible in evidence. *Ark. State Hwy. Comm'n* v. *Johns,* 236 Ark. 585, 367 S.W.2d 436. Neither rule applies to a landowner when testifying as to the value of the land he owns. A landowner's opinion as to the value of his land is admissible in evidence whether he knows anything about land market values in the area or not. His value opinion is admissible in evidence simply because he owns the land and is qualified to state an opinion as to the value of what he owns. *Ark. State Hwy. Comm'n* v. *Fowler,* 240 Ark. 595, 401 S.W. 2d 1.

Of course, such opinion testimony, either by the landowner or his value witnesses, may be stricken on motion if

there is no fair or logical basis for its support. *Ark. State Hwy. Comm'n v. Geeslin*, 247 Ark. 537, 446 S.W.2d 245. Once the landowner or his qualified expert witness has expressed into evidence his opinion as to fair market values, the burden then shifts to the condemnor to show by cross-examination that the landowner or the witnesses has no logical basis to support his opinion before such testimony is subject to being stricken from the record on motion. *Ark. State Hwy. Comm'n v. Johns*, 236 Ark. 585, 367 S.W.2d 436; *Ark. La. Gas Co. v. McGaughey Bros.*, 250 Ark. 1083, 468 S.W.2d 754. If on cross-examination, the condemnor is unable to draw from the landowner or his expert witness more than a weak or questionable basis for his opinion, that fact has a bearing on the *weight* to be given the testimony by the jury, and the testimony should not be stricken on motion. *Ark. State Hwy. Comm'n v. Russell*, 240 Ark. 21, 398 S.W.2d 201.

On direct examination Mr. Jones testified that he initially purchased 70 acres and had lived on the property for approximately 19 years after he purchased it. He said he used the property for livestock raising and poultry production. He said that at the time of the right-of-way taking in 1969, he had acquired a total of 180 acres; that 80 acres lay south of the highway on the Philpot Road and the rest of it lay where his attorney described it to the jury in the opening statement. He said he was using all of the land for livestock and poultry prior to the taking; that the Highway Department took approximately 25 acres and later came back and took some more for easement. He said his home, barns and chicken house were located on the 80 acres where they are still located, but that because of the taking he has lost the use of 40 acres; that approximately 15 acres of his land was left south of the highway and that it is necessary to travel approximately two miles in gaining access to the 15 acres. He said that prior to the construction of Interstate 40, he had no difficulty with drainage in and around his feed barn, but that since the construction of the highway he does have some drainage problem in his calf lot when it rains. He said his farm was worth $80,000 before the taking; that it has been reduced in value to $60,000 because of the taking and that $20,000 is the amount of his damages.

On cross-examination Mr. Jones testified that he ac-

quired his original 70 acres in 1954; that the house and barns were on the property when he purchased it and are still there. He said he had built a new chicken house and made some improvements on the property since he purchased it. He said he purchased an additional 60 acres in 1956 and purchased ten acres in 1961 for $50 per acre. He said he purchased 40 acres in 1966 for which he paid $60 per acre. Mr. Jones testified that he placed a before and after value on his improvements as distinguished from the before and after value on the land but that he did not break it down into separate estimates. He said he lost the use of 40 acres while the highway was being built; that 15 acres had been severed from the rest of his farm by the highway, and that he simply would not be able to support the number of cattle and produce the amount of hay on the land remaining that he could support and produce on the farm prior to the taking, and that because of the taking his earning power had been reduced. He said his whole farm was damaged because he could not use as much of it since the taking as he could before the taking. He said his chicken house was not damaged as a result of the taking because he could still run the same number of chickens in it. He said he considered his house damaged because it had been reduced in value when considered along with the entire farm.

Mr. Jones' only other witness, besides himself, was a realtor Eddie Anderson who testified as an expert. Mr. Anderson's testimony is not abstracted and the Commission relies entirely on its assigned error in the trial court's refusal to strike Mr. Jones' testimony.

The cross-examination of Mr. Jones was directed almost entirely to a per acre value he placed on his land before and after the taking. He said repeatedly on cross-examination that he did not value his land on a per acre basis but valued it as an entire unit. We are cited no law and we know of none, which would require per acre valuation on land before a landowner's value opinion would have a reasonable basis or constitute substantial evidence. As a basis for his value opinion, Mr. Jones testified that he could not derive as much income from his property after the taking as he could before the taking, but he did not say, and he was not asked on cross-examination, how much his income was before the taking as compared with his income after the taking. He said he could

not run as many cattle on his property or cut as much hay therefrom after the taking as he could before, but he did not say, and he was not asked on cross-examination, how many cattle he could, or did, keep, or how much hay he could, or did, produce before or after the taking.

It is clear from the record that the jury verdict was for $3,100 more than any witness, except the landowner Jones, testified the damages to be. Mr. Jones' testimony was clearly admissible and in our opinion the Commission failed to show on cross-examination that Mr. Jones' opinion as to the values of his land was without reasonable basis. It is true that in *Ark. State Hwy. Comm'n v. Coffman,* 247 Ark. 149, 444 S.W.2d 689, we reversed a judgment entered on a jury verdict resting only on the testimony of the landowner who alone fixed the damages at an amount equal to the actual award, but in *Coffman* the landowner based his valuation on comparable sales and it was shown on cross-examination that he knew of no comparable sales.

In *Ark. State Hwy. Comm'n v. Darr,* 246 Ark. 204, 437 S.W.2d 463, we reversed a judgment for the landowner because it was shown on cross-examination that the landowner's value opinion was based entirely on sentimental attachment and because her deceased husband had advised her not to part with the land. We conclude that the trial court did not err in refusing the Commission's motion to strike Mr. Jones' testimony.

Mr. Jones' expert witness Anderson, testified at length as to the elements of damage sustained to Jones' land and as already stated, his testimony is not abstracted or questioned on this appeal. We recognize that Mr. Jones expressed a rather weak basis for his value opinion, but such weakness went to the *weight* of his testimony to be considered by the jury with all the evidence in the case. Mr. Jones' value opinion placed his damages at $2,500 more than the jury awarded, and his expert witness placed the damages within $3,100 of the jury award. The jury had a right to weigh and consider all the evidence together, and we are unable to say the jury verdict was excessive or that the verdict and judgment thereon were not supported by substantial evidence in this case.

The judgment is affirmed.