ARKANSAS-MISSOURI POWER COMPANY *v.*
John Franklin SAIN III, Sharyl
Sain DAVIS, Randy Kendal SAIN,
Rhonda SAIN Jones, and Doris M. SMITH

77-141                                    556 S.W. 2d 441

Opinion delivered October 17, 1977
(Division I)

*Ponder & Lingo,* for appellant.

*Penix, Zolper & Mixon,* for appellees.

DARRELL HICKMAN, Justice. This is the appeal of a right of way condemnation case from the Lawrence County Circuit Court. The appellant; Arkansas-Missouri Power Company, condemned seven acres through a farm owned by the appellees, John Franklin Sain III, and others, for the purpose of obtaining an easement for a transmission line. A jury trial resulted in a verdict for the appellees for $10,000.00.

The appellant alleges three errors on appeal: the court refused to strike the testimony of the expert witness of the appellees; there was no substantial evidence as to the before and after value of the land; and, the verdict was influenced by improper and unsubstantiated testimony.

The landowner appellees in this case offered three forms of evidence as to the damages to the seven acres: first, one of the landowners testified that the land was worth about $40,-000 to $50,000 less with the power line across the farm; second, an expert witness was called and testified that the difference between the value of the farm before and after the condemnation was $27,197.00; and, third, the appellees offered testimony that the transmission lines caused an extra expense for aerial application of fertilizer and poison, and was a disadvantage to farming because of its existence.

The landowner's opinion testimony, as we have said many times, on the value of his property is admissible and competent evidence. *Housing Authority of Searcy v. Angel,* 239 Ark. 224, 388 S.W. 2d 394 (1965).

The expert's opinion testimony, however, was not competent evidence and should have been stricken. The expert on cross-examination admitted that he could not think of a single instance where a transmission line had any effect on the market value of the property. Therefore, his testimony

that the damages amounted to some $27,000 did not have a sound and reasonable basis. *Arkansas State Highway Commission v. Johns*, 236 Ark. 585, 367 S.W. 2d 436 (1963).

The landowner appellees called a crop duster who testified that he had used chemicals on this land for two years and that as a result of the transmission lines it cost about $180 to $200 more per year to treat the land. There was also evidence offered that showed it was inconvenient for farm machinery to work around the transmission poles. We find that this evidence was competent to show that the landowners in this case suffered an economic disadvantage, and a diminishing efficiency in farming the land, as a result of the transmission lines. See *Arkansas Louisiana Gas Co.* v. *McGaughey Bros. Inc.*, 250 Ark. 1083, 468 S.W. 2d 754 (1971). This does not mean that this inconvenience or economic loss is a measure of damages; but, it may be considered by the jury in reaching their verdict.

Several expert witnesses for the appellant power company gave opinion testimony that the land had been damaged to a maximum of $3,650.00. One witness testified that the amount was $3,150.00.

The appellant has asked us to reverse and remand this case or, in the alternative, to order a remittitur of $5,275.00. We feel a remittitur would be a fair disposition of the case. There was nothing wrong in the landowners' expert witness' evaluation of the property *before* the taking. He gave a value of $675 an acre for the 357 acre farm, adding to that the value of improvements. He did not assign a separate value of the seven acres, but there is no indication that these lands were worth more or less than his average figure. Therefore, on that basis, the seven acres would have a value of $4,725.00. If appellee will accept a remittitur of $5,275.00 within seventeen days, the $10,000 judgment will be modified accordingly, and, as modified, the judgment is affirmed. Otherwise, it will be reversed and remanded.

Affirmed as modified.

We agree. George Rose Smith, Fogleman and Roy, JJ.