ARKANSAS STATE HIGHWAY COMMISSION *v.*
M. F. CASH and Josephine CASH

CA 79-148                                        590 S.W. 2d 676

Opinion delivered November 14, 1979
Rehearing denied December 19, 1979
Released for publication December 19, 1979

*Chris Parker,* for appellant.

*Jerry D. Pinson* of *Pinson & Reeves,* for appellees.

JAMES H. PILKINTON, Judge. This is a highway condemnation case. M. F. Cash and wife were the owners of two parcels of land adjacent to Highway 62/65 north of Harrison, Arkansas. The first parcel was a triangular shape containing .20 acre fronting for approximately 190.9 feet on the highway. Of this parcel the Arkansas Highway Commission condemned and acquired .12 acre in fee simple, which is designated as Tract 52, leaving a residual of .08 acre. The second parcel was an irregular shaped piece of land containing .18 acre, with 229 feet of frontage on the same highway. Of this second parcel, the commission acquired .16 acre, designated as Tract 69, leaving a residual of .02 acre.

Mr. and Mrs. Cash own numerous billboards, some erected on their own land, and some located on property they lease from third parties. The two parcels involved in this case were purchased by them as locations upon which to erect billboards. At the time of taking, there were two billboards, containing three faces, located on Tract 52. There were two billboards, also containing three faces, located on Tract 69. In addition, there was a small building on Tract 69 which Mr. Cash rented. Both tracts were income producing.

Appellee Cash, as owner, and Mr. Gene Lair, a real estate appraiser, each valued Tracts 52 and 69 by capitalizing a "net" income figure which was derived from money produced from each piece of property. Mr. Cash estimated just compensation for the taking of Tract 52 to be $11,000.00 and estimated just compensation for the taking of Tract 69 to be $18,000.00. Mr. Lair estimated just compensation for the taking of Tract 52 to be $9,100.00 and estimated just compensation for the taking of Tract 69 to be $16,600.00.

Mr. Robert Palmer, a real estate appraiser, called by the commission, valued both tracts prior to condemnation by using the comparable sales approach as well as capitalizing

the rent payable under billboard leases from other sign companies at other locations. He estimated just compensation for Tract 52 to be $1,900.00 and just compensation for Tract 69 to be $4,700.00. The issue, as to each tract, was submitted to the jury under proper instructions. The jury returned a verdict of $5,500.00 as just compensation for Tract 52, and $10,000.00 as just compensation for Tract 69. The commission has appealed from the judgment entered on these verdicts. The case has been assigned to the Arkansas Court of Appeals pursuant to Rule 29(3).

1.

Appellant first argues that the trial court admitted, over the objection of the commission, evidence of the gross income derivable from the sale of advertising space on the billboard located on the subject property. We agree that the admission of testimony regarding business income or profits, and use of that income to compute market value in an eminent domain action, is reversible error. *Hot Springs County* v. *Bowman,* 229 Ark. 790, 318 S.W. 2d 603 (1958). However, we do not understand from this record that the trial judge admitted such evidence. It is well settled that capitalization of income is a recognized method of arriving at the fair market value of real estate used to produce rental income in determining just compensation in eminent domain cases. *Housing Authority of the City of Little Rock* v. *Rochelle,* 249 Ark. 524, 459 S.W. 2d 794. The Arkansas Supreme Court has also held evidence of rental value to be admissible as a factor to be considered in determining just compensation. *Desha* v. *Independence County Bridge District No. 1,* 176 Ark. 253, 3 S.W. 2d 969. See also *Housing Authority of the City of Little Rock* v. *Rochelle, supra.*

As we view the record, the rule that evidence of profits derived from a business located on the land is not admissible as a basis for computing the market value of such property in condemnation proceedings is not applicable to the situation under consideration. The commission fails to distinguish between income from the property and income from a business conducted upon the property. This distinction furnishes the criterion for the applicability of the rule. *NLR Urban*

*Renewal* v. *Van Bibber,* 252 Ark. 1248 at 1254, 483 S.W. 2d 223 (1972). Here we are dealing with net income from the property, something that would be the prime consideration of any prospective purchaser of income producing land. The evidence does not support the commission's contention that the income in this case is of the type derived from a business located on the land. We find no merit in the first point urged by appellant for reversal.

## II.

Appellant next urges that the trial court erred in failing to strike the testimony of Gene Lair, an appraiser for the land owner. The claim is that Mr. Lair valued the property by capitalizing the income of a business conducted thereon. We do not so understand the evidence. Mr. Lair was qualified as an expert in real estate appraisals. He stated his opinion as to the just compensation for each tract involved. As a qualified expert, Mr. Lair needed only to have stated his bare opinion. *Ark. Highway Commission* v. *Hartsfield,* 248 Ark. 821, 454 S.W. 2d 82 (1970). However, as appellant points out, the testimony of such a witness should be struck if it is shown to lack a sound and reasonable basis. *Ark.-Mo. Power Co.* v. *Sain,* 262 Ark. 326, 556 S.W. 2d 441 (1977). In the case before us, we cannot say Mr. Lair's testimony lacked a sound and reasonable basis. He valued both tracts by capitalizing a "net" income figure derived from money produced from each piece of the property involved. He stated that the subject property was being used for the rental of sign locations and, in the case of Tract 69, also the rental of a commercial building. Mr. Lair said he considered such purposes to be the highest and best use of the tracts. He also testified that he considered the best approach to the true market value to be the income approach in view of the fact that both tracts were income property, and considering their shape and size. He explained the factor which he used, and the step by step method which he employed in the capitalization. He did not attribute all of the income from the signs on his property, but in his calculation subtracted $10.00 per month per sign to cover proper deductions. On cross-examination Mr. Lair said that he deducted the vacancy ratio and other factors in connection with the operation of the sign. He testified that, to his knowledge, he deducted all the cost of

maintaining the signs at their location. We are unwilling to say that appellant's cross-examination of this witness destroyed his opinion of any fair and reasonable basis. Therefore, the court properly refused to strike his testimony.

## III.

The State Highway Commission also claims the trial court erred in failing to strike the testimony of M. F. Cash, one of the owners. Mr. Cash testified that the fair market value at the time of the taking of Tract 69 was $18,000, and the fair market value of Tract 52 was $11,000. He arrived at these figures by capitalizing a "net" income figure which was derived from the rents produced from each piece of property. According to Mr. Cash, the taking totally destroyed the use of the land for income purposes, and he gave no value at all to the small fractions which were left. He said they were not suitable for rental as a location for highway signs which he said was their highest, best and only use. Since Mr. Cash was in the sign business, the State Highway Commission argues he valued the property by capitalizing the income of a business conducted thereon. Appellant asserts that Mr. Cash's testimony does not constitute a fair and reasonable basis for the landowner's value estimate.

Appellant agrees that a landowner is a competent witness to testify as to the value of his land simply because he owns it. *Ark. Highway Commission* v. *Jones,* 256 Ark. 40, 505 S.W. 2d 210 (1974). However, as appellant points out, the landowner must relate a satisfactory explanation on cross examination to justify his value estimate. *Ark. Highway Commission* v. *Duff,* 246 Ark. 922, 440 S.W. 2d 563 (1969); *Ark. Highway Commission* v. *Darr,* 246 Ark. 204, 437 S.W. 2d 463 (1969). In the case at bar Mr. Cash valued the property in question by using a percentage formula under which he placed a value on the property at 10 times the net annual rental. As appellee points out, a similar method was employed by an appraiser in *Housing Authority of the City of Little Rock* v. *Rochelle,* supra. The Arkansas Supreme Court said this was a crude but practical application of the income approach to the market value. Mr. Cash testified that he had bought a lot of property in the Harrision area, and knew land values there.

Even if Mr. Cash's testimony be considered improper, reversal would not be required on this point because there is other sufficient evidence to sustain the verdict. It is evident that his testimony did not affect the verdict. *Ark. State Highway Commission* v. *Ormond,* 247 Ark. 867, 448 S.W. 2d 354 (1969). Any error in admitting the landowner's value testimony did not enhance the award. The verdict was for less than the amount for which there is substantial evidentiary support.

## IV.

The final argument of appellant is that the court erred in not directing a verdict in the amount of $1,900.00 on Tract 52, and $4,700.00 on Tract 69. This point is argued on the premises that the appellees failed to develop any substantial testimony to support their claim for just compensation, even when viewed in the light most favorable to them. Appellant contends that Mr. Palmer, an appraiser for the commission, furnished the only substantial evidence as to just compensation. We do not agree. As already mentioned, we find other substantial evidence in the record. The trial court was correct in refusing to direct a verdict for the commission based upon the values set by the expert who testified for the commission.

Affirmed.

WRIGHT, C.J., not participating.