Olen L. FULMER and Mary Louise FULMER *v.*
SOUTHWESTERN BELL TELEPHONE CO.
OF ARKANSAS

CA 82-208                                            654 S.W.2d 603

Court of Appeals of Arkansas
Opinion delivered July 6, 1983
[Rehearing denied August 24, 1983.]

*Guy Jones, Jr., P.A.,* for appellants.

*T. Michael Payne, D. D. Dupre,* and *Penix, Penix &
Mixon,* for appellee.

MELVIN MAYFIELD, Chief Judge. The Southwestern Bell
Telephone Company brought a suit to condemn a strip of
land across the appellants' property for the placement of
buried telephone communication cables.

During the trial, a witness for appellants testified that
he was a realtor and real estate appraiser. He said he had
been in that business since 1969, was a certified FHA fee
appraiser, and the last year was state director of the National
Association of Independent Fee Appraisers.

The witness testified that he did work for mortgage
corporations, community groups, housing authorities,
Merrill Lynch, the State of Arkansas, Commercial National

Bank, numerous attorneys, and individual landowners. His work included appraisal of raw land, residential work, farm, industrial, and commercial.

It was his evidence that the ownership of property involved a package of rights and any time you sell, lose, or disregard one of those rights, you affect the value of the property. For example, he said, if you take away the right to have access to your property, you decrease its value. He said there are times when easements for underground placement of utilities affect the value of property and to his knowledge, from time to time, they have.

He said the 173 acres involved in this case had a value of $259,500.00 prior to the taking of the telephone company's easement and a value of $233,480.00 after the taking, for a difference of $26,020.00. He testified about a number of comparable sales used in determining these values.

On cross-examination, he was asked, "Do you have personal knowledge of, or know of, a single instance where the transmission line or a cable that was installed 40 inches below the ground had any effect on the market value of property?" His answer was, "I have no personal knowledge of a specific piece of property being sold for less after an easement, although I know of one that can't be sold after an easement." He also said he did have personal knowledge of instances where underground easements, such as Texas Eastern or Arkla Gas, had affected the sale of land.

At this point the court and attorneys retired to chambers and, after discussion, the court held that the witness' testimony that the land had sustained damages in the amount of $26,020.00 did not have a sound and reasonable basis and could not be considered by the jury.

On appeal, the appellee relies upon the case of *Arkansas-Missouri Power Company* v. *Sain*, 262 Ark. 326, 556 S.W.2d 441 (1977). In that case, the appellant had condemned seven acres through a farm for an easement for an electrical transmission line. The opinion states that "an expert witness was called and testified that the difference

between the value of the farm before and after the condemnation was $27,197.00." Later on, the opinion states:

> The expert's opinion testimony, however, was not competent evidence and should have been stricken. The expert on cross-examination admitted that he could not think of a single instance where a transmission line had any effect on the market value of the property. Therefore, his testimony that the damages amounted to some $27,000 did not have a sound and reasonable basis. *Arkansas State Highway Commission v. Johns,* 236 Ark. 585, 367 S.W.2d 436 (1963).

We think the facts here distinguish this case from *Sain.* Here the witness testified that to *his knowledge* the underground placement of utilities had affected the value of the property; that he *knew* of a piece of property that could not be sold after an easement; and that he had *personal knowledge* of instances where underground easements such as Texas Eastern or Arkla Gas had affected the sale of land.

It has certainly been the rule for many years that the testimony of an expert witness should be stricken if cross-examination demonstrates that he has no reasonable basis for his opinion, *Ark. State Highway Comm. v. Russell,* 240 Ark. 21, 398 S.W.2d 201 (1966), but that case also holds that expert value testimony is competent even though based upon hearsay. It is also the rule that no two tracts of land are identical and that the court must allow reasonable latitude in evaluating the comparability of sales. *Ark. State Highway Comm. v. Clark,* 247 Ark. 165, 444 S.W.2d 702 (1969). And in *State Highway Comm'n v. 1st Pyramid Life Ins. Co.,* 269 Ark. 278, 602 S.W.2d 609 (1980), the court said: "The opinion testimony of an expert witness can be considered, even though his opinion is not based entirely on comparable transactions. 5 *Nichols on Eminent Domain,* 253 § 18.42[1]."

Thus, in the case at bar, the witness' testimony should not have been stricken. It may be that the cross-examination showed that he had a weak or questionable basis for his opinion, but this went to the weight given his testimony,

*Ark. State Highway Comm.* v. *Russell, supra,* and did not mean that his testimony should be stricken.

Reversed and remanded.