ARKANSAS STATE HIGHWAY COMMISSION
*v.* Raymond L. FRISBY and Virginia H. Frisby

96-1360                                    951 S.W.2d 305

Supreme Court of Arkansas
Opinion delivered September 18, 1997

*Robert L. Wilson*, Chief Counsel, and *Barbara A. Griffin, Lawrence W. Jackson*, and *Maria L. Schenetzke*, Staff Att'ys, for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *William I. Prewett*, for appellees.

DAVID NEWBERN, Justice. This is an eminent domain case. For the purpose of widening U.S. Highway 167 from two to four lanes in Union County, the Arkansas State Highway Commission ("the Commission") condemned the .97 acres constituting the highway frontage of a 6.3-acre tract of land belonging to Raymond L. and Virginia H. Frisby. With its condemnation complaint, the Commission deposited $57,550 into the registry of the Circuit Court as compensation. The Frisbys requested a jury trial to determine the value of the land. A judgment, based on a jury determination, awarded the Frisbys $86,050. The Commission has appealed, arguing that the Frisbys failed to update discovery responses with respect to the proposed testimony of their expert appraiser. We agree that the Commission was entitled to have an updated response and that the two-hour continuance granted by the Trial Court on the day of trial was inadequate to remedy the problem. We also agree that the testimony of Raymond L. Frisby

should have been stricken and that the Frisbys' expert gave improper evidence concerning comparable sales. The judgment is thus reversed and remanded.

## 1. Discovery violation

█ As we said in *Arkansas State Highway Comm'n v. Barker,* 326 Ark. 403, 405, 931 S.W.2d 138, 140 (1996), "There are three recognized formulas for measuring just compensation in partial-taking cases: (1) the value of the part taken; (2) the value of the part taken plus the damages to the remainder; (3) the before- and after-value rule. *Young v. Arkansas State Highway Comm'n,* 242 Ark. 812, 415 S.W.2d 575 (1967); *see also Arkansas State Highway Comm'n v. Jones,* 256 Ark. 40, 505 S.W.2d 210 (1974)."

The 6.3-acre tract owned by the Frisbys was the site of a truck stop composed of a service station, store, and restaurant. The Commission requested that it be supplied with information forming the basis of expert testimony to be presented by the Frisbys. In response, the Frisbys furnished a "preliminary report" compiled by Ron Robinson, the expert who was to testify. The Commission thereafter took Mr. Robinson's deposition in which he was examined with respect to his preliminary-report conclusion, applying the before-and-after value rule, that the 6.3 acres was worth either $113,000 or $117,000 prior to the taking. One figure was based on the "cost" method, and the other on the "income capitalization" method of evaluating the before and after values.

At the trial, Mr. Robinson gave his pre-taking evaluation as $158,000 and the value of the property remaining as $32,000. During cross-examination of Mr. Robinson, counsel for the Commission noted that Mr. Robinson was testifying from a document labeled "final report" containing facts and figures which had not been furnished to the Commission. Mr. Robinson discussed comparable sales, of which Commission counsel were unaware, in the process of establishing his opinion as to the value of the Frisbys' land before and after the taking.

Counsel for the Commission informed the Trial Court that, in view of the fact that the report as to which Mr. Robinson had

been deposed was labeled "preliminary," she had, by letter, asked the Frisbys' counsel to supply any additional reports to be made. She also informed the Trial Court that the Frisbys' counsel had responded in a letter stating that there would be no further reports and that the deposition testimony would be sufficient. The Frisbys' counsel did not contest those remarks by the Commission's counsel.

Although there was a reference to a mistrial, counsel for the Commission moved, in lieu thereof, for a continuance sufficient to allow investigation of the new information. Counsel for the Frisbys said that he was not introducing Mr. Robinson's final report, which he too had received the day of the trial, into evidence and that it should be sufficient to allow counsel for the Commission to cross-examine Mr. Robinson with respect to his testimony.

The Trial Court granted a two-hour continuance, which amounted to an extended lunch break, to allow Commission counsel to examine Mr. Robinson's final report.

■ ■ According to Ark. R. Civ. P. 26(e)(1), a party is under a duty to supplement a discovery response, "in the case of expert witnesses, [with] the subject matter on which he is expected to testify, and the substance of his testimony." When a party complains about failure to update discovery, the matter lies within the discretion of the trial court. *See Banks v. Jackson,* 312 Ark. 232, 848 S.W.2d 408 (1993). In this instance, there was an obvious violation of Rule 26(e)(1) to the prejudice of the Commission. The two-hour continuance was hardly sufficient to allow examination and investigation of new facts and figures contained in Mr. Robinson's final report; thus we hold that the Trial Court's response amounted to an abuse of discretion sufficient to cause reversal and remand of the case.

### 2. Owner's testimony

■ ■ Another point of appeal has to do with the testimony of Raymond L. Frisby who was allowed, after he had described improvements on the property, to express his opinion that the pre-taking value was $250,000. No doubt an owner of property is allowed that privilege, but the testimony must be

grounded in evidence of market value. *Arkansas State Highway Comm'n v. Highfill,* 248 Ark. 541, 452 S.W.2d 846 (1970). During cross-examination, Mr. Frisby said he had not established a per acre value and that his $250,000 figure was based solely on his "feeling" or what he would have asked for the land and not on any facts or figures in Mr. Robinson's report. The Commission's motion to strike Mr. Frisby's testimony should have been granted.

### 3. Business profits

■ The *Highfill* decision is also relevant to the Commission's point, which is well taken, that Mr. Robinson's testimony should have been stricken because, with respect to comparable sales of business properties he used to establish the value of the Frisbys' property, he could not say that he had discounted "good will" and profit potential elements of the sales prices. Although it is appropriate to ascertain the highest and best use of the land, whether considering the property condemned or comparable properties that have been sold, it is important to separate "business value," such as profit potential from a particular business, from the market value of the property. *See Arkansas State Highway Comm'n v. Wallace,* 247 Ark. 157, 444 S.W.2d 685 (1969); *Hot Spring County v. Bowman,* 229 Ark. 790, 318 S.W.2d 603 (1958).

■ In conclusion, the Commission has argued that the verdict and judgment are not supported by substantial evidence. This is not a case in which the Commission's liability for compensation is in issue; rather, the issue is the amount. We need not consider the sufficiency argument in view of our decision to reverse and remand on the other points mentioned.

Reversed and remanded.