John HILL, M.D. *v.* Anita BILLUPS, *Individually* and as *Next Friend* of Stephon Earl Billups, *Deceased*

CA 03-748                                           148 S.W.3d 288

Court of Appeals of Arkansas
Division I
Opinion delivered February 18, 2004

*Baker & Whitt*, by: *Darrell Baker*; and *Watts, Donovan & Tilley, P.A.*, by: *David M. Donovan*, for appellant.

*Johnson, Odell & Kendall*, by: *Linda Kendall Garner* and *Patricia A. Odell*, for appellee.

OLLY NEAL, Judge. This is a medical malpractice case. Appellant Dr. John Hill appeals from a jury verdict awarding appellee Anita Billups $250,000. On appeal, appellant alleges that the following errors occurred during the trial: (1) the trial court erred in excluding the deposition of appellant's expert witness; (2) the appellee's expert witness should have been excluded due to a failure to disclose changed opinion testimony; (3) during voir dire, the jury was improperly influenced by references to medical malpractice insurance. We agree that the trial court erred in excluding the deposition of appellant's expert witness; therefore, we affirm in part and remand in part.

On November 11, 1995, appellee gave birth one month prematurely to twins Stephon and Steven Billups. On December 3, 1995, appellee brought Stephon to the emergency room at Baptist Memorial Hospital in Forrest City. She explained that she had found Stephon foaming at the mouth, that he had been resisting his bottle, and that she suspected he was running a fever. Stephon was examined by appellant and discharged. Appellee was also given a thermometer, Tylenol, and Pedialyte; however, she was not instructed on their proper use.

Appellee returned to the emergency room with Stephon on December 4, 1995, after Stephon had stopped breathing. Stephon was transferred to Arkansas Children's Hospital. On December 6, 1995, Stephon died due to a bacterial infection.

Appellee filed suit individually and as next friend of Stephon, alleging medical malpractice. A jury trial was held February 19-24, 2003, in the St. Francis County Circuit Court. The jury returned with a verdict for appellee in the amount of $250,000. Judgment on the verdict was entered on March 19, 2003. From that judgment comes this appeal.

■ Appellant first alleges that the trial court erred in excluding the deposition testimony of his expert witness. A trial court's decision on the admissibility of expert testimony will not be reversed absent an abuse of discretion. *Nationsbanc Mortgage Co. v. Hopkins*, 82 Ark. App. 91, 114 S.W.3d 757 (2003).

The record reveals that, during a pretrial conference, appellant's attorney moved for a continuance due to the unavailability of his expert witness, Dr. Rani Lewis. Counsel informed the court that Dr. Lewis had agreed to a video deposition that afternoon. He explained that Dr. Lewis would testify via videotape from Nashville and that each attorney would be present in Memphis. The trial court denied appellant's motion for continuance. However, the deposition proceeded that afternoon. The following morning, during a conference prior to commencement of the second day of trial, appellee moved to disqualify Dr. Lewis as an expert witness because Dr. Lewis could not articulate a standard of care. The trial court ruled that Dr. Lewis's testimony would be excluded. In reaching its decision, the trial court stated the following:

> This is the scheduling order. It required the deposition to be completed by a certain period of time. The scheduling order was filed September 16, 2002. According to that scheduling order all discovery, including evidentiary depositions, shall be completed no later than thirty days prior to trial. All depositions were to be completed by January 19, 2003. By agreement, the parties may conduct additional discovery beyond this deadline. I told you yesterday I was going to go by this order. Apparently you all tried to agree to do something. But the order reads that if you do additional discovery beyond the deadline, the court will not be available to resolve discovery disputes. You are making an issue to me today. It's 10:00 a.m. and the jury is waiting. And now you bring me a discovery issue. It's in violation of my scheduling order. And then you want me to take an hour-and-a-half to look at a transcript. I'm not going to do it. I'm going to enforce the orders. The lawyers need to prepare their cases. It's not fair to bring these issues to the Court on the morning of trial and it's not fair to the jury. So, I'm not going to watch any video and rule on discovery issues at this late date.

> . . .

> If there [are] some disputes that [have] to be taken up with the lawyer, I'm not going to rule on them. If you all can agree on whatever the issues are with the deposition that's fine. If you cannot agree on whatever those motions you all made about whether or not she's qualified or whether or not she sets forth the proper standard of care or whatever you are arguing about, then there is not agreement. Then the deposition will not be received. It's just not fair to me.

During trial, appellant renewed his motion to allow Dr. Lewis's deposition testimony. The trial court denied appellant's motion, but allowed appellant to proffer Dr. Lewis's February 19, 2003, deposition testimony (February 2003). Along with the February 2003 deposition, appellant proposed to proffer Dr. Lewis's July 1999 deposition as a means of establishing Dr. Lewis's qualifications in emergency medicine. The trial court ruled that, because the parties understood that the July 1999 deposition was merely for discovery purposes, it could not be used as an evidentiary deposition.

Appellant now argues that the trial court's decision to exclude the July 1999 and February 2003 depositions was contrary to the rules of civil procedure. Rule 32 of the Arkansas Rules of Civil Procedure provides in part:

> (a) *Use of Depositions*. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> > (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
> >
> > (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of this state, unless it appears that the absence of a witness was procured by the party offering the deposition; or

It is not disputed that Dr. Lewis was more than one hundred miles away. There is also no allegation that appellant procured Dr. Lewis's absence.

However, appellee counters by alleging that the trial court did not err in excluding the July 1999 deposition because it was merely a discovery deposition, and, as such, it was inadmissible. Rule 32 does not distinguish between discovery and evidentiary depositions. *Kristie's Katering, Inc. v. Ameri*, 72 Ark. App. 102, 35 S.W.3d 807 (2000). Rule 32 has been construed to provide that any party, not only the party who took the deposition, may use the deposition of a witness, whether or not a party, for any purpose at the trial or hearing, if the party demonstrates to the court the

existence of one of the conditions specified in Rule 32(a)(3)[1]. *National Bank of Commerce v. Quirk*, 323 Ark. 769, 918 S.W.2d 138 (1996). However, a party can waive Rule 32 if the parties and the court agree before trial that a discovery deposition cannot be used as an evidentiary deposition. *See Whitney v. Holland Retirement Ctr., Inc.*, 323 Ark. 16, 912 S.W.2d 427 (1996).

█ The record indicates that appellant initially indicated that the July 1999 deposition was only a discovery deposition. This suggests that the parties agreed that the July 1999 deposition could only be used for discovery purposes, thus waiving Rule 32. Therefore, the trial court did not err when it excluded the July 1999 deposition.

█ However, as to the February 2003 deposition, there is no indication that the parties agreed to waive Rule 32. Appellee objected to the February 2003 deposition on the basis that Dr. Lewis was not qualified as an expert because she did not articulate

---

[1] Rule 32(a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

. . . .

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of this state, unless it appears that the absence of a witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used. A deposition taken without leave of court pursuant to a notice under Rule 30(b)(2) shall not be used against a party who demonstrates that, when served with the notice, it was unable through the exercise of diligence to obtain counsel to represent it at the taking of the deposition; nor shall a deposition be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order under Rule 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.

a standard of care. This is clearly an evidentiary objection. During a colloquy with the trial court, appellee indicated that, although she had agreed to the deposition, she had not waived her objections to the testimony contained within the deposition. The trial court misconstrued appellee's objection as being a discovery objection and thus found that this violated the trial court's scheduling order. Rule 32 further provides that:

> (b) *Objections to Admissibility.* Subject to the provisions of Rule 28(b) and subdivision (d)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.

The parties were seeking an evidentiary ruling from the trial court. We hold that questions of admissibility are not controlled by the trial court's scheduling order. The trial court's refusal to rule on the admissibility of the February 2003 deposition was contrary to our rules of civil procedure and was an abuse of discretion; therefore, we remand this point.

■■ Appellant next argues that the testimony of appellee's expert, Dr. Pearson-Shaver, should have been excluded due to appellee's failure to disclose a change in the doctor's opinion testimony. As stated earlier, we will not reverse a trial court's ruling on the admissibility of expert testimony absent an abuse of discretion. *See Nationsbanc Mortgage Co. v. Hopkins, supra.* On April 18, 2002, Dr. Pearson-Shaver gave opinion testimony in a deposition without having reviewed the deposition testimony of appellant, appellee, and Dr. Lewis. Upon reading the aforementioned depositions, Dr. Pearson-Shaver revised his opinion. Rule 26 of the Arkansas Rules of Civil Procedure provides in pertinent part:

> (e) *Supplementation of Responses.* A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
>
> (1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity and location of each person expected to be

called as a witness at trial, and in the case of expert witnesses, the subject matter on which he is expected to testify, and the substance of his testimony.

When a party complains about failure to update discovery, the matter lies within the discretion of the trial court. *Arkansas State Highway Comm'n v. Frisby*, 329 Ark. 506, 951 S.W.2d 305 (1997). Appellant fails to demonstrate any abuse of discretion. Therefore, we affirm on this point.

■■ In his last argument, appellant asserts that during voir dire the jury was improperly influenced by references to medical malpractice insurance. During voir dire, appellant objected when appellee asked the jury "Is there anybody that believes that large verdicts in malpractice cases are the reason that insurance is going up?" The trial court overruled appellant's objection. It is improper to unnecessarily call to the jury's attention the fact that there is insurance in a case. *Watkins Motor Lines v. Hedrick*, 316 Ark. 683, 873 S.W.2d 814 (1994). The general rule is that if a party's counsel acts in good faith, he may, in one form or another, question prospective jurors during the voir dire with respect to their interest in, or connection with, liability insurance companies. *Id.* Finally, we will not reverse a ruling of the trial judge in permitting inquiries intended to elicit any possible bias or prejudice that might influence a venire men's verdict in the absence of a manifest abuse of that discretion. *Id.* Appellant fails to demonstrate an abuse of discretion; accordingly, we affirm as to this point.

We are remanding so that the trial court can determine if the February 2003 deposition is admissible. If he trial court should find that the deposition is admissible, appellant is entitled to a new trial.

Affirmed in part; remanded in part.

PITTMAN and VAUGHT, JJ., agree.