MIKE MURPHY, Judge
Gary McGahhey and Rebecca McGahhey were divorced by order of the Arkansas County Circuit Court on November 8, 2016. That order reserved the issue of *524 dividing the parties' interests in certain shares of stock and certificates of deposit. The court addressed those issues in a supplemental opinion dated March 14, 2017. In it, the court found that the stock at issue was Rebecca's separate property and that the certificates of deposit were marital property. Gary now appeals, arguing that those characterizations and divisions were erroneous. We affirm in part and reverse and remand in part.
Gary and Rebecca McGahhey were married on August 23, 1990. Just two months before the couple were married, Rebecca's father died, and Rebecca inherited one third of the stock in Little Prairie Farms, Inc. Her sister and stepmother each also inherited one-third of the stock. About four years later, Rebecca and her sister decided they wanted to buy out their stepmother's interest for $300,000. Rebecca's sister paid $150,000 outright, and Rebecca borrowed $150,000 from First National Bank to pay for her half. Until around the year 2000, Rebecca made the payments on the note from the income from Little Prairie Farm, Inc., which she kept in a separate account. In 2000, Rebecca realized she would not be able to make the annual note payment, so Gary withdrew $40,000 from his separate nonmarital account and deposited it into Rebecca's account for her to make the note payment. At trial, Gary argued that the later-purchased stock was marital, or that he was at least entitled to reimbursement for the $40,000 he loaned to Rebecca to cover the note. Rebecca contended that the $40,000 was a gift.
Two certificates of deposit are also at issue. These CDs are held at Arkansas County Bank. At both the temporary hearing and the final hearing, Gary testified that they were acquired from funds he had inherited from his father and that they had always been maintained solely in his name. At the conclusion of the hearing, the court invited both sides to submit briefs on the property issues and took the matter under advisement. The first order entered was on November 8, 2016. In that order, the court granted the divorce, divided some property not at issue here, and reserved the matter of the later-purchased stock and the two CDs. Gary was instructed to "provide proof of the alleged nonmarital status" of the CDs that were held at Arkansas County Bank.
On February 14, 2017, the court issued a letter opinion finding that the contested stock was Rebecca's nonmarital property and that the $40,000 was a gift. It further found that the CDs were marital property. Three days later, Gary filed a motion for modification of the order (even though the order had not yet been entered), asserting that he was able to obtain copies of the original CDs and that these copies established that the CDs were his nonmarital property. Rebecca responded and argued the court should not modify its order. A supplemental order was then entered on March 14, 2017, and it was consistent with the letter opinion. The court treated the motion for modification as a motion under Arkansas Rule of Civil Procedure 59 and entered a formal order denying it on March 15, 2017. Gary timely appealed from both the supplemental order and the order denying his motion for modification.
On appeal, divorce cases are reviewed de novo. Kelly v. Kelly , 2011 Ark. 259, at 5-6, 381 S.W.3d 817, 822-23. With respect to the division of property, we review the circuit court's findings of fact and affirm them unless they are clearly erroneous, or against the preponderance of the evidence; the division of property itself is also reviewed, and the same standard applies. Id. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.
*525 Id. In order to demonstrate that the circuit court's ruling was erroneous, the appellant must show that the circuit court abused its discretion by making a decision that was arbitrary or groundless. Id. We give due deference to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. Id.
I. Little Prairie Farms, Inc., Stock Interest
In Arkansas, with a few exceptions, all property acquired during a marriage is marital property. The exceptions are set out in Arkansas Code Annotated section 9-12-315(b) (Repl. 2015), and consist of
(1) Property acquired prior to marriage or by gift or by reason of the death of another, including, but not limited to, life insurance proceeds, payments made under a deferred compensation plan, or an individual retirement account, and property acquired by right of survivorship, by a trust distribution, by bequest or inheritance, or by a payable on death or a transfer on death arrangement;
(2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;
(3) Property acquired by a spouse after a decree of divorce from bed and board;
(4) Property excluded by valid agreement of the parties;
(5) The increase in value of property acquired prior to marriage or by gift or by reason of the death of another, including, but not limited to, life insurance proceeds, payments made under a deferred compensation plan, or an individual retirement account, and property acquired by right of survivorship, by a trust distribution, by bequest or inheritance, or by a payable on death or a transfer on death arrangement, or in exchange therefor;
(6) Benefits received or to be received from a workers' compensation claim, personal injury claim, or Social Security claim when those benefits are for any degree of permanent disability or future medical expenses; and
(7) Income from property owned prior to the marriage or from property acquired by gift or by reason of the death of another, including, but not limited to, life insurance proceeds, payments made under a deferred compensation plan, or an individual retirement account, and property acquired by right of survivorship, by a trust distribution, by bequest or inheritance, or by a payable on death or a transfer on death arrangement, or in exchange therefor.
For his first point on appeal, Gary argues that the circuit court erred in finding that Rebecca's stock interest in Little Prairie Farms, Inc., that was purchased during the marriage was nonmarital property. To support his argument, Gary cites Kelly , supra , and we agree that it is instructive.
In Kelly , the wife obtained some stock in a company, TRM, from her father during the marriage. Id. Her brother also received stock in TRM at the same time. TRM's corporate resolution provided that $50,000 in capital was contributed-$22,500 from the wife and $27,500 from her brother-but the money was not actually contributed when TRM was formed. Id. at 16, 381 S.W.3d at 828. Instead, it was on TRM's books as a note receivable for the shares, despite neither sibling having signed any notes for the indebtedness. Id.
Roughly three years after the shares were issued, the father's accountant advised *526 that the sum needed to be paid and removed from TRM's books. Id. Thus, $50,000 was paid from dividends the siblings earned from another company in which they were also shareholders. Id. Those dividends were the undisputed nonmarital property of the wife. See id. The circuit court found that the stock interest in TRM was nonmarital property, and the husband appealed. Id. at 2, 381 S.W.3d at 819.
On appeal, our supreme court agreed with the husband that the TRM stock was marital property. Id. at 8, 381 S.W.3d at 824. After making note of the exceptions listed in Arkansas Code Annotated section 9-12-315, the court explained that because the wife acquired the stock in exchange for a note, she necessarily then did not acquire it in exchange for the considerations listed in subsections 315(2) or (7). Id. at 6-8, 381 S.W.3d at 823-24. Nor did it matter to the court that she paid on the note with separate nonmarital funds. Id.
The facts in Kelly are strikingly similar to those here. In both cases a note was exchanged for shares of stock. In Kelly , our supreme court did not accept the argument that paying for the property with nonmarital funds changed the character of the property and we do not accept it now. Under these facts, the circuit court clearly erred when it found that the portion of the stock purchased during the marriage was nonmarital property.
Because we reverse and remand on this point, we need not consider Gary's alternative argument that he should be reimbursed the $40,000 he contributed to the note's repayment.
II. Certificates of Deposit
Under Arkansas law, "[p]roperty acquired ... by gift or by reason of the death of another, including, but not limited to ... property acquired by right of survivorship, by a trust distribution, by bequest or inheritance, or by a payable on death or a transfer on death arrangement" does not constitute marital property. Ark. Code Ann. § 9-12-315(b)(1). At trial, Gary testified that the two CDs at issue comprised funds inherited from his father. Rebecca never refuted this testimony, yet in the November 8, 2016 order, the circuit court directed Gary to "provide proof of the alleged nonmarital status of [two] [c]ertificates of deposit he holds in his name at Arkansas County Bank."
Gary asserts on appeal that he attempted to obtain the relevant documents but that the bank informed his counsel that the documentation no longer existed. After the circuit court issued its letter opinion, but before the supplemental order was entered, Gary submitted a copy of his father's death certificate (he died in 1998) and copies of three CDs held by First National Bank of DeWitt (which is now Arkansas County Bank) and jointly owned by Gary and his father. The documentation shows that all three of the CDs were opened in 1997. In his motion for modification of the order, Gary "plead[ed] and state[d] on oath that upon the death of his father, the jointly held certificates were reissued in the name of Gary McGahhey, assigned new numbers and thereafter, renewed annually."
Gary now asserts that, considering the circuit court held the record open, it "should have considered the evidence presented to it prior to entry of the supplemental order." Having reviewed the issue, we conclude that it does not present error for reversal. Gary had the opportunity to develop his record leading up to, during, and after the trial. He was, in fact, able to get the evidence he wanted to the circuit court before the order was entered.
*527 Furthermore, the new evidence indicates that Gary and his father opened the CDs at issue during the marriage, and nothing conclusively establishes that the CDs were property acquired by gift or by reason of the death of another as contemplated under Arkansas Code Annotated section 9-12-315(b). Because the CDs were opened and renewed during the marriage, we cannot say the circuit court clearly erred in finding that they were marital property.
Affirmed in part; reversed and remanded in part.
Whiteaker and Vaught, JJ., agree.