Cite as 2019 Ark. App. 500

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV–18–843

| | |
|---|---|
| DAC TAT PHAM | **Opinion Delivered:**  October 30, 2019 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION [NO. 60DR–15–5053] |
| V. | |
| ANH THUY NGUYEN | HONORABLE W. MICHAEL REIF, JUDGE |
| APPELLEE | AFFIRMED |

## MEREDITH B. SWITZER, Judge

Appellant Dr. Dac Tat Pham and appellee Anh Thuy Nguyen were married in May 1987 and lived together as husband and wife until July 2011.  Nguyen filed for divorce in Tennessee in 2011, but the only action taken in that case appears to be an order freezing the parties' bank accounts and restraining Dr. Pham from the parties' homes in Memphis and Little Rock.  Dr. Pham eventually filed for divorce in Arkansas in December 2015.  A final divorce hearing was held on August 30, 2017, and the divorce decree was filed on March 19, 2018.  On appeal, Dr. Pham argues the circuit court erred: (1) in excluding his expert's written report and refusing to allow him to rely on his report during his testimony; (2) in dividing retirement accounts as of the date of divorce instead of the date of separation; (3) in finding a $75,000 debt owed to Nguyen's brother should be divided equally between

the parties; and (4) in finding he was solely liable for a $50,000 mortgage on his medical office. We affirm.

## I. *Standard of Review*

This court reviews domestic-relations cases de novo, but we will not reverse the circuit court's findings unless they are clearly erroneous. *Doss v. Doss*, 2018 Ark. App. 487, 561 S.W.3d 348. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* We give due deference to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *McGahhey v. McGahhey*, 2018 Ark. App. 597, 567 S.W.3d 522.

## II. *Exclusion of Expert's Written Report*

Dr. Pham's first point on appeal is that the circuit court erred in refusing to allow his expert, CPA Curtis Winar, to use his written report during his testimony at the hearing regarding which funds he considered to be premarital and the current value of those funds. Although Winar's name had been previously disclosed to Nguyen, Winar's written report was not disclosed until the day before the final hearing, which was after the expert-report exchange deadline set forth by the circuit court's scheduling order. Nguyen's counsel requested that Winar's testimony and his report be excluded. Although the circuit court allowed Winar to testify, it ruled he could not use the report during his testimony.

At the hearing, Winar testified that the value of Dr. Pham's retirement plans was approximately $2,500,000. He stated that the value of the premarital portion of the retirement funds as of December 2016 was approximately $237,000, and if the circuit court

2

determined that the marital contributions stopped as of June 2011, the premarital portion would be worth over $500,000.

In support of his argument, Dr. Pham cites *Hill v. Billups*, 85 Ark. App. 166, 148 S.W.3d 288 (2004). *Hill* does not support Dr. Pham's argument. In that case, the question on appeal was whether the circuit court erred in analyzing the admissibility of deposition testimony as a discovery matter rather than an evidentiary matter.

The argument here involves a discovery violation—whether the untimely presentation of Winar's report to opposing counsel violated the scheduling order. The imposition of sanctions for failure to comply with discovery orders is within the circuit court's discretion. *Viking Ins. Co. v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992). Arkansas Rule of Civil Procedure 37(b)(2) (2019) provides for sanctions if a party fails to obey an order to provide discovery, including prohibiting introduction of designated matters into evidence. We cannot say the circuit court abused its discretion in excluding Winar's report because Rule 37 specifically provides for exclusion of evidence when a party fails to comply with discovery orders.

Furthermore, Dr. Pham cannot show he was prejudiced by the circuit court's refusal to allow Winar to use his report while testifying. In his reply brief, he contends he was prejudiced because without his report, Winar testified the contributions to Dr. Pham's retirement after the separation were worth $500,000 when, in fact, his report stated that the contributions were worth $561,141. However, because the circuit court divided the retirement accounts as of the date of divorce instead of the date of separation, as urged by

Dr. Pham, and we affirm on this point, this discrepancy is irrelevant and not prejudicial to Dr. Pham. *See infra.*

III. *Division of Retirement Accounts*

Three retirement accounts were at issue at the divorce hearing. Dr. Pham alleged some of the contributions to these retirement accounts were made prior to the marriage. He also contended he should be awarded as his separate property the maximum contributions he continued to deposit after the parties separated in 2011 because he was the sole contributor to the accounts after the separation. While the circuit court accepted Winar's conclusion that the value of the premarital portion of the retirement accounts as of December 2016 was $237,000 and awarded Dr. Pham this sum as nonmarital property, it disagreed with Dr. Pham's assertion that the sums deposited into the retirement accounts after the parties separated but before they were divorced should also be his separate property. Instead, the circuit court divided the retirement accounts equally after deducting Dr. Pham's $237,000 nonmarital portion. Dr. Pham argues this division was in error, and the circuit court should have made an unequal distribution of the retirement accounts because Nguyen made no contributions to the accounts after the separation. He further contends that an equal distribution was inequitable because of the long delay caused by Nguyen's lack of prosecution of the Tennessee case.

At the time a divorce decree is entered, all marital property shall be distributed one-half to each party unless the court finds such division to be inequitable. Ark. Code Ann. § 9-12-315(a)(1)(A) (Repl. 2015). If the court makes an unequal distribution, it shall take into consideration the following factors: the length of the marriage; the age, health and

4

station in life of the parties; occupation of the parties; amount and sources of income; vocational skills; employability; estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income; contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker; and federal income-tax consequences of the court's division of property. Ark. Code Ann. § 9-21-315 (a)(1)(A)(i)-(ix). A division of marital property will not be reversed unless it is clearly erroneous. *Webb v. Webb*, 2014 Ark. App. 697, 450 S.W.3d 265. The clearly erroneous standard is met only when the reviewing court, on the entire evidence, is left with the definite and firm conviction a mistake has been made. *Id.*

Dr. Pham spends much of his argument on this issue exploring the factors a circuit court is required to consider when making an unequal distribution. But that is not necessary in this case because the circuit court divided the retirement accounts equally, not unequally. Therefore, no discussion of the listed factors is needed. Furthermore, as to Dr. Pham's allegation that Nguyen is in some way to blame for the length of time it took for the parties' divorce to be finalized, there was no indication Dr. Pham could not have filed for divorce sooner than December 2015.

The cases cited by Dr. Pham in support of an unequal distribution are inapposite. In those cases, we affirmed the unequal distribution of marital assets under our standard of review. However, in this case, Dr. Pham is not asking this court to affirm the circuit court's decision; rather, he is requesting that we reverse the circuit court's decision. Because we cannot say the circuit court's equal distribution of the retirement accounts was clearly erroneous, we affirm on this point.

5

## IV. *$75,000 Loan to Nguyen*

The circuit court found that responsibility for repayment of a series of loans totaling $75,000 made from March 2013 to November 2016 to Nguyen from her brother, Kim Kawasaki, was to be divided equally between the parties. Under this point, Dr. Pham contends he should not be liable for one-half of the $75,000 Nguyen testified she had to borrow from her brother to pay living expenses. He argues that at the time Nguyen complained she had no funds with which to support herself, she had $508,274.13 in liquid assets in accounts held solely in her name, as well as a ten-percent interest in six LLCs, with her portion valued at $464,057. Dr. Pham also points to the circuit court's finding that during the parties' separation, he had paid $145,382.96 toward the maintenance of the parties' real property. He argues Nguyen's claim that she needed to borrow money to live on was not supported by the evidence, and her testimony regarding that issue was not credible.

Nguyen testified she worked with Dr. Pham in his medical practice prior to their separation but had not worked with him since their separation, and she was not presently employed. She claimed Dr. Pham did not give her money after they separated, and she was forced to use her $100,000 in savings to pay for their children's education and her expenses. She stated she broke both her arms in 2015, and Dr. Pham refused to pay the utilities, resulting in them being turned off. Nguyen testified that after she exhausted her savings, she borrowed money from her brother for bills, legal fees, and the children's expenses because she was not allowed to use the money in the parties' accounts.

Dr. Pham has cited no legal authority to support his position that he should not be responsible for one-half of the monies Nguyen borrowed from her brother to live on during the parties' extended separation. The failure to cite any legal authority is sufficient reason to affirm the circuit court's ruling. *Moody v. Moody*, 2017 Ark. App. 582, 533 S.W.3d 152.

Dr. Pham asserts that Nguyen's claim she needed to borrow money from her brother to live on is not credible given her access to substantial assets. Circuit courts are tasked with the responsibility of making factual findings and assessing credibility, and this court defers to the superior position of the circuit court to determine witness credibility and the weight to be given to each witness's testimony. *Moody*, *supra*. This court does not reassess the circuit court's credibility determinations. There was evidence Nguyen believed she did not have access to the assets in the parties' accounts, as a majority of the parties' accounts had been frozen by order and injunction in the Tennessee action, and that order and injunction was continued in the Arkansas action.

V. *Liability for $50,000 Mortgage – Dr. Pham's Medical Office*

In 1991, the parties borrowed $50,000 from Dr. Pham's relatives for the building housing his medical practice; this debt was secured by a mortgage on the building payable on demand. Dr. Pham admitted he had not repaid the loan, and his family had not made demand for payment in twenty-six years. The circuit court ordered Dr. Pham to be solely responsible for repayment of the debt owed to his relatives, in the event payment was ever required, and he was to indemnify and hold Nguyen harmless on the debt.

Dr. Pham argues on appeal that the circuit court erred in making him liable for the entire debt, contending that as long as there was no release of the debt by the mortgagee,

7

both parties remained liable on the debt. He asks our court to reverse the circuit court's ruling and remand with instructions to enter an order that the debt be borne by both parties. Again, Dr. Pham has failed to cite any legal authority for his argument, which is a sufficient reason to affirm the circuit court's ruling. *Moody*, *supra*. Nevertheless, it is apparent the circuit court believed that, after twenty-six years, it was unlikely Dr. Pham's relatives would demand repayment, but if repayment was demanded, Dr. Pham was the party who should bear the debt repayment and hold Nguyen harmless. Furthermore, although both names were on the mortgage, the circuit court ordered that, in the event repayment was demanded, Dr. Pham was to indemnify Nguyen and hold her harmless on the debt. Arkansas Code Annotated section 9-12-315 "does not apply to the division of marital debt," and "there is no presumption that an equal division of debts must occur." *Goodson v. Bennett*, 2018 Ark. App. 444, at 15, 562 S.W.3d 847, 859 (citing *Weatherly v. Weatherly*, 87 Ark. App. 291, 296, 190 S.W.3d 294, 296 (2004)). We affirm on this point.

Affirmed.

HARRISON and KLAPPENBACH, JJ., agree.

*Owings Law Firm*, by: *Steven A. Owings* and *Tammy B. Gattis*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellee.