Cite as 2022 Ark. App. 126

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-21-127

| | | |
|---|---|---|
| | | Opinion Delivered March 9, 2022 |
| JARED BRANSCUM | | |
| | APPELLANT | APPEAL FROM THE IZARD COUNTY CIRCUIT COURT [NO. 33DR-19-127] |
| V. | | |
| | | HONORABLE DON MCSPADDEN, JUDGE |
| CAITLIN BRANSCUM | | |
| | APPELLEE | |
| | | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

**MIKE MURPHY, Judge**

Caitlin and Jared Branscum were divorced by decree of the Izard County Circuit Court on November 2, 2020. Jared appealed, and on appeal, he argues that the circuit court erred in its classification and division of certain personal property and in calculating his child-support obligation. We affirm in part and reverse and remand in part.

Caitlin and Jared were married in March 2014. They have one minor child together. Before trial, the parties agreed that Caitlin would have primary physical custody of the child due to Jared's work travel schedule. Regarding child support, the decree provided that "after considering both parents income reflected on their Affidavit of Financial Means pursuant to Administrative order No. 10, [ ] the child support to be paid by [Jared] to [Caitlin] at $1,178.00 per month retroactive to the filing of the Complaint for Divorce on November 26, 2019." Jared was afforded a $2300 credit for money he had already paid toward child

support during that time.

Regarding property at issue, the court wrote:

[T]he court awards the sum of $5000.00 to be paid by [Jared] to [Caitlin] for one-half of the $10,000.00 value of the cattle the parties owned. That [Jared] is ordered to pay to [Caitlin] $1750.00 for the 3 horses and $500.00 for the tack that went with the horses. Her guns should be returned to her, in the alternative he pay to her $700.00. Her father's tools should be returned to her father. The tool trailer should be sold for $1800.00 and the profits divided, one-half to each party, or in the alternative [Jared] pay to [Caitlin] $900.00 for her share; [Jared] is granted the mobile home, [Caitlin] granted of the Dodge, [Jared] is awarded the Dur-max and [Jared] is awarded to the household goods that the parties own. That [Jared] shall return to [Caitlin] 3 four-wheelers or pay [Caitlin] $1650.00; that the Snap-on tool box be returned to [Caitlin] or [Jared] pay to [Caitlin] $6000.00; [Caitlin]'s china cabinet and china should be returned to her.

On appeal, Jared argues first that the circuit court erred in classifying certain personal property as marital. Next, he contends that the court miscalculated his child-support obligation. Third, he asserts that the court made an unequal division of property without making the required written findings. We will discuss these out of order.

## I. *Marital Assets*

Jared argues that there was insufficient evidence presented at trial to demonstrate that the following property was marital property: fourteen head of cattle, Snap-on toolboxes and tools, and three four-wheelers.

We review divorces de novo; with respect to the division of property, we review the circuit court's findings of fact and affirm them unless they are clearly erroneous or against the preponderance of the evidence; the division of property itself is also reviewed, and the same standard applies. *McGahhey v. McGahhey*, 2018 Ark. App. 597, at 3–4, 567 S.W.3d

522, 524–25. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* To demonstrate that the circuit court's ruling was erroneous, the appellant must show that the circuit court abused its discretion by making a decision that was arbitrary or groundless. *Id.* We give due deference to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Id.*

In Arkansas, with a few exceptions not applicable here, all property acquired during a marriage is marital property. Ark. Code Ann. § 9-12-315 (Repl. 2020). Jared does not argue on appeal that the property at issue falls into any of the exceptions of marital property and instead contends that there was not sufficient evidence to establish that it was property acquired during the marriage. He argues that there was no "documentary evidence" presented to establish the ownership of the cattle, the tools and toolboxes, or the four-wheelers. Caitlin, however, testified to the status of each of these items and testified that they had been acquired by the parties during the marriage.

Further, at the conclusion of the trial, the court specifically found from the bench that Caitlin was the more credible witness. Regarding Jared, the court stated,

> As far as credibility, some of the things that the Defendant tried to say just don't—they don't make sense. And the fact that he is a convicted felon that—I don't care what you tell me, you don't break into some place you don't intend to steal. But the other conviction, the theft by deception is fraud, and that goes directly to credibility . . . his credibility is zero, zero.

There is evidence to support the circuit court's findings that the contested items were marital. That evidence is further supported by the court's finding that the witness who provided that

3

evidence, Caitlin, was the more credible witness. The court did not abuse its discretion in finding that the cattle, the Snap-on tools and toolboxes, and the four-wheelers were marital property; we affirm on this point.

Jared contends, however, that even if the property at issue is marital, the court made an unequal division without the required written findings. When a divorce decree is entered, the circuit court shall distribute all marital property one-half to each party unless the court finds such a division to be inequitable. *Norwood v. Norwood*, 2020 Ark. App. 345, at 12–13, 604 S.W.3d 252, 259. In that event, the court shall make some other division the court deems equitable and state its basis and reasons in the order. Ark. Code Ann. § 9-12-315(a)(1)(B).

Jared argues that the court did not divide the marital assets equally. There is a presumption that an equal division is fair and equitable. *Norwood*, *supra.* A circuit court has broad powers to distribute property in a divorce case, and it need not do so with mathematical precision. *Id.* The purpose of our property-division statute is to enable the court to make a division that is fair and equitable under the circumstances. *Id.* The court is vested with a measure of flexibility in apportioning the total assets, and the critical inquiry is how the total assets are divided. *Id.*

Of the marital property, the order provided that Jared received the house, the household goods, and a Duramax truck. There was testimony that Jared gave away the horses acquired during the marriage and that he had the following additional items in his possession at the divorce: cattle, tack, guns, Caitlin's father's tools, a tool trailer, three four-

wheelers, Snap-on tools and toolboxes, an heirloom china cabinet, and china. The china and cabinet were Caitlin's premarital property, and the court ordered they be returned to her. The court further ordered that Caitlin's father's tools were to be returned to him.

The court then ordered that Jared pay Caitlin for half the value of the following items: cattle valued at $10,000, horses valued at $3500, and tack valued at $1000. The court ordered the parties to sell the tool trailer and divide the profits, but it gave Jared the option to keep it and pay Caitlin half its value.

Jared does not argue that any of the divisions to this point were unequal; however, the division of the guns, the four wheelers, and the Snap-on tools and toolboxes creates a problem. Regarding those items, Jared was ordered to either give them *all* to Caitlin or to pay her *half* their estimated value, i.e., Jared was ordered to give Caitlin all the Snap-on tools and toolboxes (testified to having an approximately $12,000 value) or he could pay her $6000 for the same. This is not an equal division, and it obfuscates the overall division of marital property. We are therefore unable, on this record, to determine if each party received half of the marital property.

All that said, the circuit court is still free to make an unequal division, but it is required to explain why an unequal division is equitable and state its basis and reasons in the order. Ark. Code Ann. § 9-12-315(a)(1)(B). Accordingly, we reverse and remand the issue of division of marital assets for the circuit court to divide the marital property one-half to each party. If, however, dividing the property one-half to each party is inequitable, the court shall make some other division that it deems equitable and provide written findings that

support the unequal division.

## II. *Child Support*

Jared also argues that the circuit court miscalculated his child-support obligation. He asserts that the court erred when it did not consider his preexisting child-support obligations and further erred when it awarded Caitlin a deviation for child-care expenses. We are unable to reach Jared's arguments because the decree is facially deficient for an award of child support.

We review child-support issues de novo on the record. *Williams v. Lofton*, 2018 Ark. App. 606, at 10–11, 569 S.W.3d 872, 878. Arkansas Supreme Court Administrative Order No. 10 requires that child-support orders contain the court's determination of the payor's income, recite the amount of support required under the guidelines, and recite whether the court deviated from the chart. Here, the order did not recite Jared's income or whether the amount of support deviated from the chart. Accordingly, we reverse and remand for findings of fact consistent with this opinion. Additionally, in the event deviation from the chart is appropriate, the order shall also include a justification that explains why the order deviates from the presumed correct amount of support as may be permitted under section (V) of Administrative Order No. 10.

The classification that the property at issue is marital is affirmed. The division of the marital property is reversed and remanded for the circuit court to either divide the marital property equally between the parties or provide written findings supporting an unequal division. The award of child support is reversed and remanded for an award that conforms

with Administrative Order No. 10.

Affirmed in part; reversed and remanded in part.

WHITEAKER and HIXSON, JJ., agree.

*Jeremy B. Lowrey*, for appellant.

*John Atkins Crain*, for appellee.